ALBANY,
Oct. 1826.

Mumford
v.
Brown.

MUMFORD *against* BROWN.

ON error from the *Seneca* C. P. *Brown* sued *Mumford* before a justice, for money paid and work done, in repairing certain premises of which the parties were tenants in common. The former recovered; and the latter appealed to the C. P. where the former also recovered; on this state of facts, presented upon bill of exceptions : the parties being tenants in common of a lot, the plaintiff below made a board fence on the rear, where an old fence had rotted down. The new fence was a substantial benefit ; and the lot would produce as much additional rent, as would pay for the repairs. When the plaintiff made the repairs, he was in actual possession of the lot, under a lease for one year from the defendant, of his half, at a stipulated rent. The defendant lived about 3 miles distance from the premises ; and was often in the village where they lay. No express request for, assent to, or promise to pay for the repairs on the part of the defendant was proved ; nor did it appear that, before making the repairs, the plaintiff had requested the defendant to make his share of them. The plaintiff claimed to recover one half the value of the repairs. The defendant moved the C. P. for a nonsuit, which they denied. Verdict and judgment for the plaintiff below.

A tenant cannot recover of his landlord, for repairs done by the former to the demised premises, unless there be a special agreement by the latter to pay for them.
Assumpsit will not lie by one tenant in common against another, for repairs to the land, tho' they be proper or necessary, without a previous request to join in the repairs made, and a refusal by the latter. Whether even then assumpsit be the proper remedy? *Quere.*

*Talcott*, (*attorney general,*) for the plaintiff in error. The building of the fence was, for aught that appears, without the knowledge, and against the will of *Mumford*. Clearly he is not accountable as landlord to his tenant for these repairs. (1 *T. R.* 20. 20 *John.* 28.)

*L. F. Stevens*, contra. The landlord is liable for such repairs as are neccessary to preserve the premises from dilapidation.

At any rate, a tenant in common is liable for such repairs, to his co-tenant. (*F. N. B.* 295. *Writ de repara-*

*tione facienda.  id.* 378.  *Writ of Contribution.*)  The action of assumpsit has taken the place of the ancient remedy.  (9 *Mass. Rep.* 540.)

*Talcott,* in reply, said that no liability for repairs attached to the co-tenant till after demand and refusal.

*Curia, per* SAVAGE, Ch. J.  Clearly, the defendant below was not liable as landlord.  It is not in the power of a tenant to make repairs at the expense of his landlord, unless there be a special agreement between them, authorizing him to do this.  The tenant takes the premises for better and for worse ; and cannot involve his landlord in expense for repairs, without his consent.

It is, however, a different question, whether the defendant below was not liable as tenant in common, for such repairs as were necessary to preserve the property.

The ancient mode of proceeding, by one tenant in common against his co-tenant, who refused to repair, was by writ, *de reparatione facienda,* a remedy which, probably, still exists.  A recovery could be had by this writ only in case of refusal to repair ; and admitting that the action of assumpsit has superseded the ancient proceeding, should not the plaintiff below have shewn a request and refusal ? In *Doane* v. *Badger,* (12 *Mass. Rep.* 65,) it was decided that one claiming a privilege in a well and pump, situate in the land of another, each being bound to contribute to the repairs, can have no action for repairs against him whose land the well is in, until after a request and refusal to repair.  *Jackson,* J. who delivered the unanimous opinion of the court, said, that considering the parties as tenants in common, with no prescription, or special contract as to repairs, it was clear the action could not be sustained, without a request by the plaintiff to the defendant to join in making the repairs.  He says the action on the case seems to be a substitute for the old writ *de reparatione facienda.*  But he adds, "If two co-tenants tacitly agree, or permit the house or its appurtenances to go to decay, neither can complain of the other, until after a request and refusal to join in making the repairs."  The reason

upon which he founds this position, seems to be conclusive. It is, that, till such request and refusal, both tenants are in equal fault, one having as much reason to complain as the other.

In *Loring* v. *Bacon*, (4 *Mass. Rep.* 575,) it appeared that the plaintiff owned the upper, and the defendant the lower story of a house. The plaintiff repaired the roof, after requesting the defendant to join in the repairs ; and then sued to recover the defendant's alleged proportion. The court held that the plaintiff could not recover. The parties were considered, not as tenants in common ; but owners in severalty of the parts occupied by each. But the principle was recognized, that tenants in common may be compelled to repair by the writ *de reparatione facienda ;* and also that if one suffer his separate property to go to decay to the injury of another, a writ may be obtained to compel him to repair it ; and that after an injury sustained, an action on the case lies. That case was very different from this ; and no inference can be drawn from it, affecting the question now before the court.

I know of no adjudication or principle by which one shall be compelled to pay another for services rendered without request or assent, express or implied.

The plaintiff in error is not liable on the count for money paid, because it was without his assent ; nor is he liable as co-tenant, because he was not in fault, having never been requested to make the repairs. That the repairs were proper and necessary, does not alter the case.

The judgment must be reversed.

Judgment reversed.