GEORGE M. KIDDER v. LUTHER RIXFORD.

When tenants in common settle for the profits of the common premises, and a balance is found due to one, he may charge such balance in a new account, and it may properly be allowed to him in a subsequent action of account between them.

Where one tenant in common sowed a piece with grain -on the common ground, and, while the grain was growing, the tenants, by agreement, divided the land held in common, and the land upon which the grain was growing was set to the other tenant, who harvested the crop, it was held that the tenant who sowed the grain had a legal claim for the expense, and that it was a proper subject of account between them.

Under an agreement that tenants in common of a mill should occupy in severalty successive periods of time, proportioned to their respective interests in the mill, and that each should make all repairs necessary during his term, not exceeding three dollars in amount, and that all repairs upon the mill exceeding three dollars should be made at their joint charge, it was held that all repairs at any *one time*, not exceeding three- dollars in amount, were at the sole charge of the tenant then occupying, — and that, when the repairs, made *at one time*, exceeded three dollars, the *whole* expense, and not simply the *excess*, must be considered as made at their joint charge.

Where one tenant in common cleared a portion of the common land, and it did not appear that it was done with the assent or knowledge of the other tenant, or that the common land had been substantially benefited thereby, it was held that the other tenant was not liable for any portion of the expense of such clearing.

ACCOUNT. Judgment to account was rendered in the county court, and an auditor appointed, who reported as follows :

From Jan. 1, 1839, to Oct. 23, 1840, the parties were tenants in common of a tract of land and saw mill thereon in Highgate,—the defendant owning two thirds and the plaintiff one third thereof. On the 4th of January, 1840, the parties settled all matters relating to the use, rents, and profits of the saw mill, and it was then agreed that the defendant had received less than his share by the sum of $1,97. That sum the auditor allowed to the defendant.

About the 28th of January, 1840, it was agreed between the parties that each should occupy the saw mill in severalty in proportion to their respective interests,—the defendant occupying it four weeks

22

and then the plaintiff two weeks, and so in rotation. It was further agreed that each should make all repairs upon the mill, which were necessary to be made during his term of occupancy, which did not exceed three dollars in amount, and that all repairs upon the mill which exceeded three dollars in amount should be at the joint expense, or charge, of the parties, in proportion to their respective interests in the mill. Each party presented claims for repairs made by him exceeding three dollars, and, where the repairs were all made at one time, and exceeded that sum in their amount, the auditor allowed to the defendant one third of the *whole amount* so expended by him, and to the plaintiff two thirds of the *whole amount* expended by him.

On the 23d of October, 1840, the parties agreed to submit to arbitration the terms, &c., of a division of the common premises between them,—the arbitrators to *appraise* the whole premises, and to report accordingly. In pursuance of the award the parties made division by deed, and subsequently occupied in severalty. In the fall of 1840, previous to the division, the defendant sowed about two acres of rye on the premises, furnishing the seed himself. On the division that portion of the land went into the plaintiff's possession, and he reaped the crop and received the benefit thereof. The auditor found that the defendant's labor and seed were worth $5.50, and allowed him one third of that sum.

In the spring and summer of 1840, prior to the division, the defendant cleared about six acres on the premises,—being land on which the timber had been before cut. It did not appear that the plaintiff either assented or dissented at the time, or, in fact, knew of the clearing. In the division this land was deeded to the defendant. The auditor found that the defendant's labor was worth $38, and allowed him one third of that sum.

The county court accepted the auditor's report, and rendered judgment thereon for the defendant. Exceptions by the plaintiff.

*Stevens & Seymour*, for plaintiff, cited 4 Kent 370. 6 Cow. 475. *Bowles' Case*, 11 Co. 79.

*L. E. Pelton* and *H. R. & J. J. Beardsley*, for defendant, cited *Carver* v. *Miller*, 4 Mass. 559. 18 Martin's Rep. 616, cited in 4 Kent 371, in note.

The opinion of the court was delivered by

BENNETT J.   The auditor, upon the facts found by him, correctly allowed to the defendant the sum found due him on a previous settlement.   The parties had occupied as tenants in common; and when they had settled, and a sum was found due from one to the other, it might well be charged, as an item in a new account, to be accounted for in a subsequent settlement, as in the case of the common book action.

As to item 22nd in the defendant's account, it seems he, in the fall of 1840, and before a division of the property between the tenants, sowed about two acres of rye on the premises, the doing of which, including the seed, was worth five dollars and fifty cents; upon the division of the premises the two acres of rye went to the plaintiff, and he had the avails of the crop.   The fact that this rye was growing upon the premises at the time of the division went to increase the sum total of their appraisal, at least to the amount of $5.50; and as in the division the defendant took two shares to the plaintiff's one, he in the division had the benefit of two thirds of what it cost to put the rye into the ground; and as the auditor allowed him one third, he thus realizes the whole amount of this expenditure.   This we think was right.   The plaintiff by taking the growing crop in the division as a part of his portion of the premises, and when fit for the harvest, appropriating it to his sole use, thereby in effect ratified, by a subsequent assent, this expenditure by his co-tenant upon the land owned in common, and created a privity between the parties.   This labor, then, should be the subject of account between the co-tenants, the same as if it had been performed by one, at the previous request of the other, for their common benefit.

When the parties agreed to occupy in severalty according to their interests, commencing the 28th January, 1840, each party was to make necessary repairs of the value of three dollars during the time of their respective occupancy in severalty, and all repairs to the mill exceeding three dollars were to be at the joint charge of the parties according to their interests.

We think, by a fair construction of this contract, whenever repairs at any *one time* became necessary, not exceeding in amount three dollars, they were to be made at the sole expense of the tenant

then in occupancy; but if the repairs required at one time were more than three dollars, then the whole sum was to be a joint charge. This was evidently the meaning of the parties.

We think, upon the facts reported, the auditor was not authorized to allow the defendant's charge for clearing the land.

The auditor reports, that, in the spring and summer of 1840, the defendant cleared about six acres of the common estate, and that it was worth in the whole to do it thirty eight dollars. It does not appear that the plaintiff ever assented to this work being done, or that he knew of it; neither does the auditor report that this made any improvement in the value of the premises, and we cannot intend it. It may have been, that the wood taken off was much more than a compensation for clearing the land, and the whole premises may have been lessened in value by means of it.

It is true, at the common law, that one joint tenant, or tenant in common, might compel the co-tenants to unite in the necessary repair of a house or mill belonging to them. But in such case there must have been a request to join in the reparation, and a refusal. This rule of the common law, however, did not extend to other reparations, such as building fences, &c. See Co. Lit. 200 b. 4 Kent. 370. In *Mumford* v. *Brown*, 6 Cow. 475, it was held that assumpsit would not lie by one tenant in common against a co-tenant, for the building of a board fence upon the land in place of one that had rotted down, and which was a substantial benefit to the premises, without, at least, a previous request to join in the repairs, and a refusal. No objection was made as to the form of action in this case, but the case goes upon the ground of the want of right in the party. See also *Doan* v. *Badger*, 12 Mass. 65.

The rule applied in the case of *Percy* v. *Millaudon*, 18 Martin's Louis. Rep. 616, cited in 4 Kent 370, which requires joint owners to contribute rateably to useful expenses incurred upon the property by a joint owner, who has the management of it, where no opposition has been made to such expenses, is, I presume, taken from the civil law. It is not the rule of the common law. Upon the facts reported the auditor should not have allowed to the defendant any thing upon his claim for clearing the land, and the judgment of the county court, as to that one item, was erroneous. This alters the result, and the judgment of the county court is reversed, and judgment rendered for the plaintiff for $8.32 and costs.