## BENEDICT *vs.* MARTIN.

The plaintiff and defendant being owners of adjoining lots, the latter built a wall upon his lot, along the boundary line between them; the same being constructed for him by D. and C. under a written contract. The defendant furnished the materials only, but employed no workmen and exercised no control over them. *Held* that the defendant was not liable to the plaintiff for damages caused by the blowing down of the wall, before it was completed; the relation of master and servant, or principal and agent, not existing between the defendant and those by whom the wall was constructed.

APPEAL from a judgment entered at a special term. The plaintiff and defendant were owners of contiguous lots of land. The defendant erected a wall on his lot along the boundary of the plaintiff's lot. The defendant, by written

Penedict *v.* Martin.

agreement, contracted with third parties for the erection of the wall. The third parties were men of good reputation, and careful workmen. They did the work entirely without the defendant's interference. Before the wall was finished it was blown down during a thunder storm, and caused damage to the plaintiff's property on his adjoining lot. The defendant's counsel moved for a nonsuit, on the ground that the defendant was not liable, because the work was done by independent contractors, and was not interfered with by the defendant. There were also exceptions to the judge's charge on this same point. The jury, under the judge's charge, found for the plaintiff. Judgment was entered, and this appeal was brought, by the defendant.

· *E. S. Van Winkle* and *W. R. Martin,* for the appellant.

*W. W. Badger,* for the respondent.

LEONARD, J.   The relation of master and servant, or principal and agent, must exist between the defendant and those by whom the wall was constructed which occasioned the injury complained of, or the defendant cannot be held responsible in this action.

The wall was constructed by contract between the defendant, who owned the land upon which it was built, and Davis and Cochran, builders, to be paid for at certain fixed periods as the wall advanced, at five cents per square foot for part, and at two dollars and twenty-five cents per thousand brick for inside work.

The defendant furnished the materials only. He employed no workmen, and exercised no control over them. He could exercise no control over the contractors, as to the conduct of the work, or the hands whom they should employ or discharge. He could give no direction as to the manner of bracing or sustaining the wall while it was in process of con-

struction. The workmen employed could not look to the defendant for payment of their services.

In such case the negligence, if any, which occasioned the injury of which the plaintiff complains, was not attributable to the defendant. (*Pack* v. *The Mayor &c.*, 4 *Seld.* 222. *Kelly* v. *The Mayor &c.*, 1 *Kern.* 432.)

The justice at the circuit held this principle not applicable to the case, and directed the jury to inquire only whether the injury occurred by negligence. This was erroneous. The question whether the relation of master and servant, or principal and agent, existed between the defendant and the contractor, should not have been withdrawn from the jury. As the evidence stood, I think the complaint should have been dismissed.

It is proper to observe, that these rulings were made at the circuit for the purpose of allowing the questions to be brought before the general term, as it appears from the charge of the judge.

The judgment should be reversed, and a new trial ordered, with costs to abide the event.

CLERKE, J. ' As there was no conflict of testimony as to the relation between the defendant and the builders, there was nothing for the jury, on that subject; and the judge was correct in assuming that duty himself. But I think he erred in giving the construction to it which he did give. I concur therefore in the conclusions of the above opinion.

INGRAHAM, J. also concurred.

New trial granted.

[NEW YORK GENERAL TERM, February 3, 1862. *Ingraham, Leonard* and *Clerke*, Justices.]