Br the Court.—Speir, J.
The plaintiff occupied the rear part of the basement with entrance on Canal-street, of building No. 416 Broadway, N. Y., as a paint shop, under a lease from the defendants, for one year from May 1, 1866.
The building was shored up in February, 1867, on account of an excavation made on the adjoining lot, No. 414 Broadway. The plaintiff claims that the beneficial use of the basement was impaired by the shoring, and claims damage for the excess of time during which the wooden needles remained, beyond that which he consented to. The defendants did not own the demised premises, but were themselves tenants. The lease to plaintiff authorized defendants to repair, alter,
. and preserve the building.
On motion of defendants’ counsel, the judge dismissed the complaint. Exceptions to be heard in the first instance at general term.
The lease to the plaintiff authorized the defendant or his agent to enter the premises to examine, or to make such repairs and alterations thereon as shall be necessary for the preservation thereof.
Under the covenant contained in the lease, the defendant had a clear right to enter the premises in case the excavation of the adjoining property threatened either their injury or destruction, and in the exercise of *76 this right he is not liable in damages for interrupting the business oE the lessee or otherwise, unless it be shown that it was done in a wanton, unskillful, or negligent manner (Turner v. McCarthy, 4 E. D. Smith, 247). There was no evidence showing that the defendants or their agents made the repairs in so unskillful and negligent a manner as’ to subject the plaintiff unnecessarily to loss and damage. On the contrary, it is apparent from the testimony, that what was done was necessary for the safety of the building, that the insertion of the needles was a proper and precautionary measure to prop up the building while the excavation was going on in the adjoining premises.
The landlord was under no obligation to repair or protect his tenant from the consequences of the lawful acts of the owners of the adjoining premises in excavating them to such depth as would endanger the stability of the demised premises. Such liability can only be created by express covenant to that effect (Howard v. Doolittle, 3 Duer. 464 ; Sherwood v. Seaman, 2 Bosw. 127). Nor does the act of 1855, ch. 6, create any such liability.
Nor is there any obligation resting on the landlord, implied by the lease, that the premises shall be or continue to be fit for the use for which the tenant designed them ; or even that they are or shall be tenantable. In Witty v. Mathews (52 N. Y. 512), the court (Folger dissenting) expressly decide that the obligation of the landlord to repair demised premises rests solely upon express contract, and that a covenant to repair will not be implied, nor will an express covenant be enlarged by construction (citing Mumford v. Brown, 6 Cow. 475 ; Arden v. Pullen, 10 M. & W. 321).
Thus far I have considered the case on the theory that the defendants caused the work to be done, and I cannot see that the plaintiff has a cause of action. But there is no proof in the case that he either did or *77 caused the work to be done. The most that appears is, that some one of the defendants made some promises to the plaintiff which were without consideration and void. Even if it had been shown, the contractor would alone be liable for the trespass if any had been committed. 0 Nor did the relation between master and servant exist between the workman and the defendants, who appears to have given them the license (Blake v. Ferris, 5 N. Y.[l Seld.] 48 ; Pack v. Mayor, &c., 8 N. Y. [4 Seld.] 222; Kelly v. Mayor, &c., 11 TV. T. [1 Kern.] 432 ; Benedict v. Martin, 36 Barb. 288).
The exceptions should be overruled and judgment rendered for defendants, with costs.
Freedmah and Curtis, JJ., concurred.