N. E. PAINE *v.* WM. B. SLOCUM, GEO. G. SMITH, AND HELEN SMITH.

[IN CHANCERY.]

*Tenants in Common. What Expenses Chargeable on the Common Property. Jurisdiction. Decree Pro Confesso. Accruing, or Running Clause in Mortgages. R. L. ss.* 771, 1202.

P. and S. being tenants in common of certain realty, S. gave a mortgage of his half to P. to secure a sum named, and with an accruing or running clause for future advances. Subsequently both joined in prosecuting a suit to recover for trespasses committed on the common property. Before the suit was terminated, S. conveyed his title to the defendant wife,

but not his interest in the action; she never consented to pay any portion of the expenses, and the litigation was not necessary for the preservation of the property. On accounting, *Held.*

1. The Court of Chancery has jurisdiction to take the account between tenants in common, when one of them is a married woman, notwithstanding the statute, R. L. s. 1202, allowing the action of account between such tenants.

2. After the conveyance to the defendant wife, only the taxes and reasonable expenses in paying them could be allowed; but nothing for the litigation, as it was not necessary for the preservation of the property owned by the tenants in common.

3. But one half the disbursements on account of the litigation, incurred prior to the conveyance, should be allowed under the accruing or running clause in the mortgage.

4. A writing, q. v., construed to be an acknowledgement by the mortgagor of money received under the accruing clause.

5. When a bill is taken *pro confesso*, no appeal lies from the decree, R. L. s. 771; the allegations in the bill are impliedly admitted; and the defendant cannot raise the question of multifariousness.

BILL to foreclose a mortgage and for an accounting between tenants in common. Heard on bill and a master's report, December Term, 1883. ROYCE, Chancellor, ordered that a decree be entered for the petitioner for the amount found due by the master—$4,591.19. The petitioner prayed for an accounting and a foreclosure. There was no contention as to the sum named—$1,287—in the mortgage. The accruing clause in the mortgage was:

" And conditioned for the further security of any sum or sums of money with interest which the said party of the second part may advance to me or for the value of any property he may transfer to me in the next ten (10) years, having my written acknowledgment therefor."

The writing construed as an acknowledgment in the opinion was:

SEPT. 28, 1877.

GEORGE G. SMITH, Esq.,

Dear Sir :—

Col. Paine and I have met here to day by appointment to adjust the disbursements which he has made for the benefit of the Gore property since I executed the mortgage on the same, and find the sum total of $1,227 31c. one-half of which he holds me liable for ; therefore, I write you that you may attend to the same as I do not think that as I have given up the property I

should be held for the debt. This does not cover the entire expense, but nearly so.

                    Yours truly,

                              WM. B. SLOCUM.

P. S.   This you of course will understand relates to your wife, but I addressed it to you presuming that you attended to her business.

                              WM. B. SLOCUM.

The master allowed a large amount of expenses which were incurred in the litigation after the said Slocum conveyed his interest to the defendant, Helen Smith. It appeared that the petitioner and the defendant. Slocum, were tenants in common of Avery's gore, until Slocum conveyed his interest. The master allowed $613.66,—one-half of the expenses of the litigation—holding that the above writing was a proper acknowledgement. The other facts are sufficiently stated in the opinion.

*Noble & Smith* and *Stephen E. Royce*, for the defendants.

The Court of Chancery has no jurisdiction. *Ash* v. *Abdy*, 3 Swans. 664; 1 Dan. Ch. Pl. & Pr. 3; *Cole* v. *Muscatine*, 14 Iowa, 295; *Moore* v. *Whitney*, 45 Mo. 205; *Worthen* v. *Dickey*, 54 Vt. 277; *Thayer* v. *Partridge*, 47 Vt. 423. There is an adequate remedy at law. R. L. s. 1214; 3 Bl. Com. 437, 439; 1 Fomb. c. 1. s. 3, n. (f).; Story Eq. 451, 459; *Seymour* v. *Biddle*, 20 N. J. Eq. 396; *Glouinger* v. *Hazard*, 42 Penn. St. 389; *Cummings* v. *White*, 5 Blackf. 356; *Smith* v. *Leveaux*, 4 De G. J. & S. 1; *Fowle* v. *Lawrason*, 5 Pet. 495; *Walker* v. *Cheerer*, 25 N. H. 339; *Haywood* v. *Hutchins*, 65 N. C. 574; *Post* v. *Kimberly*, 9 Johns. 493; *Currier* v. *Rosebrooks*, 48 Vt. 34. This objection may be raised at any time, in any form, or by the court *sua sponte*. *Hipp* v. *Babin*, 19 How. 278; *Thayer* v. *Montgomery*, 26 Vt. 491; *Dumont* v. *Fry*, 12 Fed. Rep. 21. A tenant in common can only bind his co-tenant or his interest in the property for three classes of expenditure: 1st. for what is assented to or ratified by the co-tenant; 2d, for betterments; and 3d, for what was necessary for the preservation of the common property. *Calvert* v.

*Aldrich,,* 99 Mass. 74 ; *Crest* v. *Jack,* 3 Watts, 238 ; *Sears* v. *Munson,* 23 Iowa, 380 ; *Reed* v. *Jones,* 8 Wis. 421 ; *Hall* v. *Piddock,* 21 N. J. Eq. 311 ; *Kidder* v. *Rixford,* 16 Vt. 169 ; *Campbell* v. *Mesier,* 4 Johns. Ch. 334 ; *Rindge* v. *Baker,* 57 N. Y. 209 ; *Galusha* v. *Sinclear,* 3 Vt. 394 ; *Coolidge* v. *Hager,* 43 Vt. 9. This enormous expense was in no sense necessary for the protection of the property.

*H. S. Royce,* for the orator.

This court has jurisdiction. ·1 Story Eq. 441, 446, 466 ; *Leach* v. *Beattie,* 33 Vt. 195 ; *Lyon* v. *McLaughlin,* 32 Vt. 423. In no other action or proceeding could the orator recover one-half the expenditure. He has a lien on the property for his disbursements. 1 Story Eq. 506 ; 1 Wait Act. & Def. 186. A lien may be enforced by foreclosure in equity. 3 Wait Act & Def. 428 ; *Annis* v. *Gilmore,* 47 Me. 152 ; *Thompson* v. *Gilmore,* 50 Me. 428. No question can be made but that the orator is entitled to a lien. 2 Story Eq. 1234, 1243 ; 1 Story Eq. 503, 506 ; *Green* v. *Putnam,* 1 Barb. 500 ; *Coffin* v. *Heath,* 6 Met. 80. When a suit is brought against several tenants in common, and one of them resists and prevails, he has a lien against the rest for his costs. *Shepherd* v. *McIntyre,* 2 Dana, 576.

The opinion of the court was delivered by

Ross, J. I. The bill of foreclosure sets forth in substance a mortgage from William B. Slocum to the orator of an undivided half of certain property of which the petitioner owns the other half, conditioned for the payment of a sum named, and for all sums of money which the petitioner should lend and advance and pay to or for said Slocum, and for all property which he should transfer to said Slocum, within ten years from the date of the mortgage. It avers, that the sum named has not been paid, and that the petitioner has advanced and paid to and for said Slocum, for which he has a lien, three thousand dollars. It alleges, that Slocum conveyed the property to the defendant, Helen Smith, wife of George G. Smith, and

that the petitioner has expended upon the common property and for the common benefit of the property and of himself and the defendant Helen, six hundred dollars. He prays that an account of the same may be taken, and that the same, as well as the amount due on the mortgage, may be decreed to be paid to him. The bill was taken, *pro confesso*, and referred to a master to ascertain the amount due in equity thereon.

It comes to this court on appeal from the allowances by the Court of Chancery, against the defendants' exceptions to the master's report. Such appeal does not bring into consideration the petitioner's rights so far as determined by the decree *pro confesso*. No appeal lies from such decree. R. L. s. 771. By such decree the allegations in the bill are impliedly admitted. Thereafter the orator is not bound to establish them by proof, neither can he be allowed to amend the allegations in the bill, nor to enlarge their scope by his proof, in ascertaining the sum due him on the equities disclosed by the bill. The defendant, after such a decree has passed, can only be heard in ascertaining the sum thus due. He can take no formal objections after such decree. 1 Dan. Ch. Pl. & Pr. 577, and notes. On this state of the case, the defendant could not raise the question of multifariousness. That question can only be raised by demurrer. *Wade* v. *Pulsifer*, 54 Vt. 45.

But it is contended by the defendant, that the Court of Chancery has no jurisdiction to take the account between tenants in common, in regard to expenditures on and in behalf of the common property, because the statute—R. L. s. 1202—has provided a complete and ample remedy at law. It is not necessary to pass upon this contention, in this case, and no decision is made in regard thereto. The bill alleges, that the present co-tenant of the petitioner, against whom he prays for an accounting in regard to his expenditures for the benefit of the property held in common, is a married woman. This alone is enough to give chancery jurisdiction of the accounting on this part of the bill, as no personal judgment can be rendered against her, she being incapable of making a binding promise in regard to her separate

property even. His only remedy to enforce payment of her obligations in regard to such property, is by having the Court of Chancery enforce payment from such separate property, by sequestration thereof, or by charging the debt upon such property, and foreclosing for non-payment. On these views of the law regarding the rights of the parties as established by the bill, when taken as confessed, it only remains to settle the amount due in equity to the petitioner upon the facts found and reported by the master.

II. Under the mortgage, it is admitted, that the orator is entitled to a decree for the sum named in the mortgage as due him from Slocum with interest thereon; but it is contended that nothing is due him under the accruing clause in the mortgage. As this clause of the mortgage is set forth in the bill, the allowance of the master is within the scope of the bill. Slocum joined the petitioner in the prosecution of the trespass suit against Hutchins. The allowance is for one-half of petitioner's disbursements in the prosecution of that suit. Such half may well be held to have been advanced, if not to, for Slocum. The suit was to recover for trespasses upon the common property. But, if the condition as expressed in the mortgage is to control, the allowance comes fairly within its scope. Such advances, being one-half for the benefit of Slocum, and made in the prosecution of a suit, in which he was equally with the petitioner interested, were, to the extent of one-half, in legal effect advances to Slocum. The clause in the mortgage required such advances to be acknowledged by Slocum in writing. We think the writing signed by Slocum, dated Sept. 28, 1877, is in legal effect such an acknowledgement. It was delivered to the petitioner although addressed to the defendants. It was evidently intended to be taken and kept by the petitioner, until shown the defendants, as showing how much was due under the accruing clause in the mortgage. It states that the parties had met to make adjustment of the disbursements made for the Gore property since the execution of the mortgage, and that they find the sum total as stated, " one-half of which he holds me liable for." This is

equivalent, in the light of the facts reported, surrounding the transaction, and of Slocum's participation in the prosecution of the suit, and of his interest in the Gore property, to an acknowledgement by Slocum, that he is liable for that sum under the mortgage. This is more apparent from the fact that he calls upon the defendant Helen, as purchaser of the property covered by the mortgage, to attend to the same, saying " I do not think that as I have given up the property I should be held for the debt." The amount thus acknowledged, we think, was properly allowed under the accruing clause of the mortgage, but nothing beyond this amount.

III. The defendants cannot, on the facts reported, be held for any of the expenses incurred or disbursements made, by the petitioner in prosecuting the trespass suit against Hutchins, after the defendant wife became owner of one-half of the common property. She took no transfer of any interest in that suit, and never consented to pay any portion of those expenses. The trespasses in suit were committed long before she purchased. She could not share in any recovery for such trespasses without an agreement therefor. It is contended, that the prosecution of that suit was necessary for the protection of the common property, that it showed to would-be-trespassers, that the petitioner and defendant Helen have an unimpeachable title to the common property. By the suit, nothing was added to that title, nor to its unimpeachable character, with the exception of perfecting the execution of one deed in the chain of title, and of showing that two others, whose due execution was questioned, were duly and legally executed. The imperfectly executed deed was corrected long before the defendant Helen became interested in the property upon which the claimed trespass was committed.

The general rule is, that one tenant in common cannot incur expenses in regard to the common property, and charge his co-tenant therewith, without the consent of the co-tenant, further than is necessary for the preservation of the property. He is not allowed to charge his co-tenant for improvements made upon the common property, without the consent of the co-tenant.

*Kidder* v. *Rixford*, 16 Vt. 169; 4 Kent. Com. 420 to 423, (370 and 371); 1 Wash. R. P. 420, 421.

Trespass upon the common property does not necessarily furnish an occasion for a suit by which all the tenants in common are necessarily benefited. One tenant can maintain such suit in his own name. If the others refuse to join in the prosecution of the suit, doubtless, they would not be permitted to share in the amount recovered; and the one, bringing and prosecuting the suit, would be allowed to retain all the benefits of the recovery. The suit against Hutchins was not absolutely necessary, nor necessary at all, for the protection of the common property. The trespass was not a large one,—only for cutting some hoop timber, but by the suit, the occasion for large expenditures. It furnished the petitioner an excellent opportunity to disclose any defect in his title, with but little prospect of gain from a recovery. Its results are a complete realization of the opportunities. The petitioner must be satisfied with them and not ask the defendant Helen to share the burdens, without showing that she consented so to do. Of the expenses set forth in the master's report under this portion of the bill, the petitioner can only be allowed for the taxes upon the common property, paid by him, for which the defendant Helen was justly liable with him, and for reasonable expenses in making such payments. As the master's report is not so drawn that these can be determined with certainty it must be sent out again to a master to have them ascertained. The defendant Helen's proportionate share of such taxes and expenses, inasmuch as she is under the disability of coverture, should with the amount due under the mortgage be made a charge upon her share of the common property, and she be required, in a suitable period, to redeem such share by the payment of such sum or be foreclosed. The decree of the Court of Chancery is reversed, and the cause remanded with a corresponding mandate.