## HELD AT HARTFORD, FOR THE COUNTIES OF HARTFORD, WINDHAM, LITCHFIELD, MIDDLESEX AND TOLLAND,

: ON THE FIRST TUESDAY OF OCTOBER, 1884.

Present,

PARK, C. J., CARPENTER, LOOMIS AND GRANGER, Js.

EDWIN M. CHAPIN AND OTHERS vs. ROBERT R. SMITH.

The plaintiffs owned fifteen sixteenths and the defendant one sixteenth of a dam and water privilege. A corporation, of which the defendant was a stockholder and manager, owned a privilege above on the same stream. The corporation brought a suit against the owner of the lower privilege, including the present defendant, for flowing back upon their premises, and the latter expended a considerable amount in defending the suit, which was finally compromised. The present defendant was more largely interested as a stockholder of the corporation, and conducted the suit in its behalf. He did not appear in the suit as defendant, nor agree to join with the others in the expense of the defense. Held that he was not liable to the other defendants in that suit for one sixteenth of the expense incurred by them in making their defense.

[Argued October 7th—decided November 9th, 1884.]

ACTION for a contribution by the defendant as a tenant in common with the plaintiffs for expenses incurred by the latter for the benefit of the common estate; brought to the Court of Common Pleas of Litchfield County, and tried to the court before *Warner, J.* Facts found and judgment

rendered for the plaintiffs for only a part of their claim. Appeal by the plaintiffs. The case is fully stated in the opinion.

*W. B. Smith*, for the plaintiffs.

*J. B. Foster*, for the defendant.

GRANGER, J. The plaintiffs are the owners of fifteen sixteenths of a dam and water privilege on the Farmington River in New Hartford, and the defendant is the owner of one sixteenth. The Greenwoods Company, a corporation, owns a privilege and mills on the same stream next above that of the plaintiffs. The defendant is a stockholder in the corporation and its agent and manager. About the 1st of November, 1880, the Greenwoods Company brought suit against the owners of the lower water privilege, including the present defendant, for illegal flowage, which suit was returned to and prosecuted to final judgment in the Superior Court for Litchfield County, and terminated in a compromise judgment, fixing the height to which the defendants might maintain their dam. A part of the issues were found in favor of the plaintiffs, but cost was awarded to the defendants. The present defendant prosecuted the suit as the agent of the Greenwoods Company; the present plaintiffs defended, employing counsel, and rendering such service as was necessary in such defense. The present defendant did not appear as defendant, employed no counsel to defend, nor did any of the present plaintiffs consult or advise with him as to any matter connected with the defense, nor request him to aid them in any way in it "because (as is found) of his antagonistic position in the case." The judgment rendered, as appears by the record, was "rendered with full knowledge and consent of the plaintiffs as represented by counsel."

This suit is brought to recover of the defendant one sixteenth of the expense of defending that suit.

The only allegation in the complaint as to the defend-

ant's liability is, that he is the owner of one sixteenth of
the privilege and that he is therefore bound to pay his con-
tributory share of the expense of the defense, and that he
has refused to pay it.

There is no allegation that the defense was of any benefit
to the defendant or any advantage to the common estate,
nor is any fact found showing that the expense made was
of any benefit to the defendant. No contract or agreement
to pay, and no request on the part of the defendant that the
plaintiffs should defend, is alleged or found, but the case
is based solely upon the fact that the defendant is tenant
in common with the plaintiffs. So far as the finding shows
anything, it appears that the defense made by the plaintiffs
was against the will of the defendant, and that his interest
in the case was antagonistic to their interests, and it may
well be conceived that his interest as a stockholder and
manager of the Greenwoods Company might be paramount
to his interest in the lower privilege, and he might be quite
willing that his shred of title in the common property
should be made subservient to his interest in the Green-
woods Company, and therefore desirous that no defense
should be made.

Under the allegations of the complaint and the facts
found the plaintiffs have no claim for contribution against
the defendant. The defense which they made was volun-
tary, and the payment of the money was not only a volun-
tary act on the part of the plaintiffs, but it was a payment
which the parties to whom it was made, namely, attorneys
and others, could not have enforced against the defendant,
as he never employed or authorized the employment of
counsel to defend against the suit.

It will be found that the cases in which one co-tenant is
bound to account to his co-tenants for any labor or expendi-
ture touching the common estate are very rare, owing to
the peculiar character of the tenure. The possession of
one is ordinarily the possession of all, but it by no means
follows that the acts of one relating to every matter affect-
ing the common estate are the acts of all. By Gen. Stat-

utes, p. 417, sec. 8, one joint tenant or tenant in common of land may maintain an action in his own name for any injury thereto, but the non-joinder of the other tenants may be shown by the defendant in reduction of damages, and the plaintiff shall recover only for damage to his interest. So far as the bringing and defending suits are concerned co-tenants are independent of each other. One cannot compel his co-tenant to bring suit, nor can he compel him to join in a defense to a suit affecting the common property, but there is ample remedy provided by statute to protect one tenant against any contumacy or obstinacy of his co-tenants. He may at any time have the estate partitioned or sold, so that there is seldom a necessity to apply the rules of contribution.

Chancellor KENT, on the subject of contribution between tenants in common, says: " One joint tenant or tenant in common can compel the others to unite in the expense of necessary reparations to a house or mill belonging to them; though the rule is limited to those parts of the common property, and does not apply to the case of fences enclosing wood or arable land." 4 Kent's Com., 370. In *Hayes* v. *Morrison*, 38 N. Hamp., 90, it was held that no contribution could be had among several judgment debtors on account of expenses in defending the suit in which the judgment was rendered, unless the parties between whom contribution is sought agreed to bear the expenses jointly. In *Tyrrell* v. *Washburn*, 6 Allen, 466, it was held that where the directors of a trading association contracted debts in good faith in carrying on the business, although the members were liable to contribute towards the payment of the debts contracted, they were not liable for contribution towards the costs and expenses of suits against them by creditors of the association. In *Stevens* v. *Thompson*, 17 N. Hamp., 103, the court held that one of several tenants in common cannot hold the others to contribute to the cost of additions to the common buildings without the assent of the latter. And the same doctrine is held in the case of *Wiggin* v. *Wiggin*, 43 N. Hamp., 561. In *Kidder* v.

*Rixford*, 16 Verm., 169, it was held that where one tenant in common cleared a portion of the common land and it did not appear that it was done with the consent or knowledge of the other tenant, or that the common land had been substantially benefited thereby, the other tenant was not liable for any portion of the expense of such clearing.

This is not a case where the common estate has been rescued by one tenant for the benefit of all, and where equity would require that each one should contribute his share of the expense of. rescue.    It is not a case where any benefit has resulted to the common estate, nor a case where it is even alleged that the plaintiffs were compelled to pay what they did pay, or to do what they did for the benefit or preservation of the common property.

There is no error in the judgment appealed from.

In this opinion the other judges concurred.