CHARLES H. HART, Respondent v. JOHN F. RYAN et al, Appellants.

*Supreme Court, Fourth Department, General Term, July 20, 1889.*

1. *Negligence. Adjoining owner.*—A proprietor may, on building an adjoining house, lawfully sink its foundation below that of his neighbor, but must use due care and diligence to prevent any injury.
2. *Same. Contractors.*—A contractor who sub-lets the work, but supervises and directs the place and manner of the excavations, is liable for the acts and negligence of his sub-contractor.
3. *Appeal.*—The judge may, if he confides the question of the force and effect of the evidence to the jury, comment upon, and even express an opinion in respect to, such evidence.
4. *Same. Charge.*—An exception to an erroneous portion of the charge, which on request is corrected, is unavailing.
5. *Same. Non-suit.*—The trial judge commits no error in refusing to non-suit on conflicting evidence.
6. *Witnesses. Examination*—The trial judge has considerable latitude in directing and controlling the examination of witnesses upon the issues involved in the case.

Judgment was entered upon a verdict in favor of the plaintiff at the circuit.

Appeal from said judgment and the order denying a motion for a new trial on the minutes.

The plaintiff alleges, in his complaint, that he is the owner of lots seventeen and eighteen in block eighty-two, in Syracuse, being four rods front on James street, extending back by parallel lines eight (8) rods deep; that in April, 1884, the defendants wrongfully and negligently excavated the land adjacent to the plaintiff's said lands, upon the east side thereof, and took away soil therefrom without leaving proper and sufficient support for the soil of the plaintiff's land in its natural state, and that the plaintiff's land sank away; and the plaintiff also alleges that in the month of April, 1884, the defendants took away the soil without leaving proper or sufficient support for the plaintiff's lands and buildings, and that thereby the plaintiff's " house, and appurtenances thereto, fell in and was destroyed, and the goods and chattels of the plaintiff damaged and broken." The complaint also alleges that the defendants wrongfully broke and entered upon the plaintiff's lands and premises * * * and removed soil therefrom and undermined certain buildings thereon, and caused them to fall and give away."

The defendants, in addition to denials in their answer, alleged that Ryan and Rafferty took a contract from Howard and Horace K. White to build and erect a five-story brick building adjacent to the premises of the plaintiff, and that Ryan and Rafferty sub-let to the defendant Klink the work of excavating. There was some evidence that Klink was employed by Ryan and Rafferty to dig out the cellar under their direction, and receive so much a yard for doing the same. The precise terms of the arrangement between him and Ryan and Rafferty do not very clearly appear. There was some evidence to show that the plaintiff's buildings stood from one to two inches inside of his

east line, and that the defendants dug under his wall for the purpose of laying their footing-courses along his east line. There was a conflict in the evidence whether the wall was erected on the middle of the footing-course (as is usual), or whether it was erected on the edge of the foot-. ing-course. There was some evidence that the footing-course was to be about three feet. There was a conflict in the evidence as to the precise location of the footing-course.

*Thomas Hogan*, for appellant.

*W. G. Tracy*, for respondent.

HARDIN, P. J.—It was held in Panton *v.* Holland (17 Johns. 92), that "a person on building a house contiguous, and adjoining to the house of another, may lawfully sink the foundation of his house below the foundation of his neighbor, and is not liable for any consequential damage, provided he has used due care and diligence to prevent any injury to the house of the other."

When the defendant's motion for a nonsuit was made, there was a conflict in the evidence in respect to some of the facts bearing upon the question of care and caution of the defendants in making the excavations complained of, and there was some testimony tending to support the position taken by the plaintiff, that the defendants had been careless and negligent in making the excavations, and that damages had been caused to the plaintiff by reason of a want of due care and diligence to prevent injury to the plaintiff. We are of the opinion that there was no error committed by the learned trial judge in refusing to grant the nonsuit.

*Second.* We are of the opinion that the court properly refused to hold, upon the evidence, that Ryan and Rafferty were not liable by reason of their arrangement with Klink as to the excavations. Klink was to be paid by the yard

for such excavations as he made. It was his duty to follow the directions of Ryan and Rafferty "from time to time, as to where and when he should dig; and they supervised the work. Ryan gave directions to the men there."

If Klink made the excavations for the footing-course upon Hart's land, it was with the knowledge, and apparently with the direction of the other defendants; and if upon all the evidence, the jury found that the footing-course was erected upon the plaintiff's land, then the defendant Klink, as well as the other defendants, became trespassers upon the plaintiff's premises. In this case, Ryan and Rafferty had control and direction of Klink in making the excavations, and they were present and supervised and directed as to the place and manner of the excavations. This case is, therefore, unlike Blake *v.* Ferris (5 N. Y. 48), and Wright *v.* Miller (8 N. Y. 22). We think this case falls within the principle laid down in Creed *v.* Hartman (29 N. Y. 591).

At the close of the charge the learned counsel for the defendant asked the court to hold: "As a proposition of law that the defendants, Ryan and Rafferty, are not liable in this case, because they sub-let the work to an independent contractor, Klink, to do it, and they gave no direction at all about it, except to excavate to the line and not beyond it." In response to that request, the court observed as follows: "It is a question for the jury to say whether these three parties were not so acting together in the building of the wall that each would be liable for the acts of the others."

Thereupon the counsel for the defendant took an exception to the remark and to the refusal to hold as a matter of law as requested. We think the evidence warranted the court in submitting to the jury the question of fact, and refusing to rule as a matter of law, that the defendants Ryan and Rafferty, were not liable.

It is quite apparent from the notice bearing date March

26, 1884, and April 22, 1884, issued by Ryan and Rafferty, and served upon the plaintiff, in connection with the other evidence found in the appeal book, that they supervised and controlled the excavations that were made. See fols. 251 and 254; Blake *v.* Thirst (2 Hurl. & C. 20).

We think the case in McCafferty *v.* Spuyten Duyvil and Port Morris Railroad Company (61 N. Y. 178) does not aid the appellant. In that case the railroad corporation had let by contract the entire work of constructing its road, and had no control over those employed in the work; and it was held that it was not liable for injuries to a third person occasioned by the negligent acts, in doing the work, of those employed in blasting and throwing rocks upon the lands of another. That is quite unlike the one before us.

Benedict *v.* Martin (36 Barb. 288) is unlike the case before us. There the defendant furnished the materials only to build the wall which was defective; " he employed no workmen, and exercised no control over them. He could exercise no control over the contractors, as to the conduct of the work, or the hands whom they should employ or discharge. He could give no direction as to the manner of bracing or sustaining the wall while it was in process of construction." However, it was said in that case, viz.: " The question whether the relation of master and servant, or principal and agent, existed between the defendant and the contractor, should not have been withdrawn from the jury."

We think the case furnishes no aid for the appellants here.

The case of King *v.* Livermore (9 Hun, 298; S. C., affirmed, 71 N. Y. 605), is unlike the one before us, as in that case Slatterly had no control over the men, was under no obligation to them, and there was a finding that the injuries which were sustained were caused "solely by the carelessness and negligence of said defendant McNamara and his workmen." Besides in that case there was a definite contract for the removal of the rock and earth.

*Third.* In the course of the charge the learned judge referred to the footing course and the question of whether or not it was wholly upon the land of White or partly upon the land of the plaintiff (folio 212); after the comments had been made in the course of the charge, the trial judge's attention was called to the same by the counsel for the defendant, who purposed to take an exception to what the court said as to "the mechanical necessity of placing the wall in the center of the footing-course." Thereupon the court remarked, viz.: "I am not a mechanic, gentlemen of the jury; I'll take that all back." Thereupon the counsel for the defendant said: "You will give us as an exception to what you did say?" And to that inquiry the court responded, viz.: "Well, I will withdraw it, if it is objectionable." Some further colloquy ensued between the court and counsel, and the court remarked (folio 227): "It will be for the jury to say upon all the evidence and upon their own observation and experience as to the matter." Later on the learned judge remarked to the jury, viz.: "The question to be solved in this case, is whether the defendants trespassed upon his lands in digging the cellar. If they did not trespass upon his land, but continued upon their own, whether they conducted themselves in a careful and prudent manner for the purpose of securing and guarding Hart, the adjoining owner, against unnecessary loss. The counsel for the defendant then called the attention of the trial judge to some remark he had made in respect to "additional weight" upon the soil, and finally the court observed upon the subject, viz.: "If the wall falls by reason of negligence on the part of the plaintiff, by the omission of any duty in protecting it against injury, then the defendants are not liable, so long as they have performed their act properly."

We think the defendants' exceptions to the quotation we have made from the charge are unavailing. There was a request to charge by the defendants' counsel in the follow-

ing words : " That if this water coming from the plaintiff's premises washed away the soil and loosened the foundation of the plaintiff's wall, and that contributed to the injury, then the defendants are not liable." To that request the court replied : " The jury have a right to take that into consideration in determining the whole question. Beyond that it has no effect upon the case." To this response the defendants took an exception. We think it is unavailing. Certainly, so far as the judge yielded to the request, the defendant should not be heard to except.

*Fourth.* Our attention is called to an observation made by the court, near the close of the cross-examination of the defendant, Peter Klink (fol. 125), which was as follows : " Manifestly he is not a builder of walls, or he would not put the outside of a wall on the outside of a footing course. Call somebody who does know." Thereupon the defendant's counsel observes, viz. : " We can show what there is of it ; we take an exception to that remark." We think there is no force in the exception. If we construe the case literally, the exception refers to the observation of the judge, viz. : " Call somebody who does know." Whether that was addressed to the counsel for the plaintiff, who had been cross-examining the witnesses to a great extent, does not very clearly appear ; if so, certainly the defendant had no occasion to complain. Neither do we think there was any force in the exception, even if the intimation was given to the counsel for the defendants. The trial judge has considerable latitude it directing and controlling the examination of witnesses upon the issues involved. The case of Richardson *v.* Van Nostrand, 43 Hun, 299, does not furnish a rule upon which the appellant can rely to demonstrate an error in the remarks made by the trial judge which we have quoted. In that case there was an expression of opinion in the charge as to vindictive damages, and it was held to be erroneous because that question appropriately belonged to the jury. It is competent for a trial judge to comment

upon the evidence, and even express an opinion in respect to the same, if he confides the question of its force and effect to the jury. Allis *v.* Leonard, 58 N. Y. 291 ; People *v.* O'Neill, 112 N. Y. 355 ; affirming, 49 Hun, 422. We think the trial judge did not go beyond the rule which we have just referred to in his comments upon the testimony of Baker as a witness. After some response made by the court to a request of the counsel for the defendants, the counsel observed rather pointedly, " The jury will give their own interpretation," and to that the court made a laconic reply, viz., " The jury understand it." We think that we ought not to interfere with the verdict by reason of the position taken by the court in respect to the matter just referred to. Just prior to that controversy the court had very fairly and carefully stated the duty of the jury in the following words : " If the defendants are not in fault they are not chargeable. If they have trespassed upon Mr. Hart, and by reason of that trespass these damages have been sustained, whatever they are, Mr. Hart is entitled to recover."

Judgment affirmed, with costs.

MARTIN and MERWIN, JJ., concur.