E. A. MANSUR *et al.*, Appellants, v. J. B. MURPHY,. Respondent.

St. Louis Court of Appeals, April 5, 1892.

**Contracts:** IMPLIED PROMISE.   A promise cannot be implied contrary to. the expressed intention of the party sought to be charged.

*Appeal from the Texas Circuit Court.*—HON. C. C. BLAND, Judge.

AFFIRMED.

*V. M. Hines* and *Argus Cox*, for appellants.

*L. B. Woodside*, for respondent.

ROMBAUER, P. J.—The conceded facts in this case may be briefly stated as follows:   The plaintiffs and defendant shipped on the same train to Kansas City for sale one carload of hogs each.   For convenience's sake the defendant accompanied the shipment.   He sold both car lots to the same persons, advising the purchasers to whom each car lot belonged.   The next day after the defendant's return, the vendees sent by mail to the plaintiffs their account sales.   This account set out the account of the sale of each car lot separately, and was accompanied by a check on the American National Bank of Kansas City, payable to the order of the plaintiffs, for the aggregate net amount of the sales of both car lots.   The check was drawn in that shape without the defendant's consent, and the defendant demanded of the plaintiffs his share of the money.   The plaintiffs thereupon gave to the defendant, for his share of the sale, their own check on a bank in Springfield, where they kept their account, and also forwarded the

check of the vendees to the same bank for collection. The defendant at once collected the check of the plaintiffs, but the check of the vendees was dishonored on presentation at the American National Bank of Kansas City, owing to the fact that the bank was temporarily in the hands of a bank examiner. This happened on January 20, 1891. The bank suspended payment for two months, and then resumed payment. The plaintiffs, upon learning of the suspension of the bank, demanded of the defendant the return of the money which he had collected on their check, and, upon his refusal to accede to the demand, they requested the defendant to join them in enforcing the collection of the check. The defendant refused to accede to the second request likewise. The plaintiffs thereupon collected the check by legal proceedings against the vendees, and incurred in so doing an expense for traveling expenses, attorneys' fees and loss of interest, aggregating $182.85. The present action is brought against the defendant, upon the theory of money had and received, to recover one-half of the expenses thus incurred. The above facts appearing by the petition and uncontroverted evidence, the court instructed the jury that the plaintiffs could not recover. The jury thereupon found the issues for the defendant. The plaintiffs assign this action of the court for error.

It was said by Judge SAVAGE, in *Mumford v. Brown*, 6 Cow. 475: "I know of no adjudication or principle by which one shall be compelled to pay another for services rendered without request or assent, expressed or implied." We referred to this case approvingly in our recent decision in *Eads v. Gaines*,* No. 5049, a case analogous in some respects to the case at bar, and both the supreme court and this court have

*The opinion here referred to has not been reported, a motion for rehearing having been sustained.

repeatedly decided that no promise can be implied contrary to the expressed intention of the parties. The expenses incurred in this case by the plaintiffs were not incurred upon the defendant's request, and neither request nor promise to pay can be implied in the face of the uncontroverted fact that both were repudiated at the outset. It does not even appear that what the plaintiffs did was for the defendant's benefit, because the agreed facts concede that, if plaintiffs would have waited for two months, they could have collected the money without any outlay whatever.

The cases of *Mo. Pac. Ry. Co. v. McLiney*, 32 Mo. App. 176, and *Jacoby v. O'Hearn*, 32 Mo. App. 566, 571, relied on by the plaintiffs, have no application. The first is a case where a shipper, who had transferred his title in the merchandise shipped by assignment of a bill of lading with draft attached, collected the purchase money from the consignee without paying the draft. The second rests upon the doctrine of novation. In the case at bar the defendant received from the plaintiffs no more than was unquestionably due to him; he received pay from them, not for their property but for his own; the transaction was merely a convenient way of adjusting their accounts. That the money was paid under a mistake as to the solvency of the bank and drawer of the check, did not of itself constitute the plaintiffs agents of the defendant to enforce its collection by legal proceedings.

Whether the plaintiffs would have had any cause of action, in case they had sued the defendant at once upon his refusal to return to them the amount of their check, after the discovery of the dishonor of the vendees' check, we need not speculate upon. An action of that kind would have been governed by different principles from the present. We are clear that under the admitted facts of this case, an action for

money paid to the defendant's use cannot be maintained, and that the court rightly instructed the jury that the plaintiffs could not recover.

The judgment is affirmed. All the judges concur.

