## LEASE.

[Circuit Court of Cuyahoga County.]

OSCAR J. CAMPBELL ET AL v. MARY LUCK ET AL.

Decided, December 7, 1903.

*Tenant Can Not Offset Cost of Repairs Against Rent, When.*

Under a demise of lands containing no express covenant that they are suitable for the purpose, or to put and keep them in repair, upon a subsequent destruction of part of the premises by flood or the acts of third persons, the lessee can not recover of the lessor the cost of repairs made by the former.

WINCH, J.; HALE, J., and MARVIN, J., concur.

Error to the court of common pleas.

The action in the court below was brought by Mary Luck and others as lessors, to recover from Hiram M. Brown, as lessee, and Oscar J. Campbell as his surety, for rent and taxes claimed to be due under a written lease.

A joint answer was filed by the lessee and his surety setting up two defenses.

The first defense was that as to the claim for the taxes the action was prematurely brought, being commenced on May 28,

1902, the last half of the taxes for 1901 not being due until June 20, 1902.

The second defense is in the nature of a counter-claim, it being alleged that during the term of the lease a fire occurred on the premises and water from the city fire engines present at the time washed away part of the demised premises, leaving a gorge about sixty feet wide and thirty feet deep across the front thereof, rendering the same inaccessible and useless to the lessee. That thereupon the lessee notified his landlord and demanded a cancellation of the lease, which was refused; that he then demanded that the landlord cause said gorge to be filled up and the lot put in a tenantable condition, which was likewise refused; that finally the tenant filled the gorge himself, and paid the cost thereof, for which amount judgment is asked against the landlord.

A demurrer to both of these defenses was sustained by the common pleas court, and defendants not desiring to plead further, the court took the account and rendered judgment in favor of plaintiffs, to all of which defendants below excepted and filed their petition in error bringing before this court for review the sole question of the sufficiency of the defenses in the answer.

We think the trial court was right in sustaining the demurrer to both defenses.

1. The lease provided that the lessee should pay all taxes and assessments levied or assessed upon the demised premises during the term of the lease, "all payable at 816 Scranton avenue, Cleveland, Ohio," the office of the lessors. It was not provided that the lessee should pay the taxes to the county treasurer.

The petition alleges that the lessors paid all the taxes for 1901 on February 11, 1902.

These taxes were charged on the duplicate and were payable under Section 1091, Revised Statutes, which reads:

"Each person charged with taxes on a tax duplicate, in the hands of a county treasurer, may pay the full amount of such taxes on or before the twentieth day of December, or one-half thereof on or before the twentieth day of December,

and the remaining half thereof on or before the twentieth day of June next ensuing;" etc.

The lessor therefore had the option of paying all the taxes for 1901 at the December collection; he did not elect to wait until the following June for the payment of the last half; having so elected to pay all the taxes for the year at one time and having so paid them, under the terms of the lease the entire amount of said taxes for the full year was due him from the lessee.

2. Plaintiffs in error claim that the demised premises having been practically destroyed by the gorge, they are either relieved from the payment of rent, or entitled to maintain their counter-claim under the rule laid down in 7 Am. & Eng. Enc. of Law, 147:

"Executory agreements ordinarily are made on the implied condition that the performance of the agreement should not be rendered impossible by the intervention of some accidental and uncontrollable superior agency."

This rule does not apply to the case of an executed lease of lands or tenements in the absence of express covenants to that effect.

In the first place the tenant did not surrender the demised premises; again the contract was not executory, but wholly executed so far as the lessor is concerned, and the damage to the premises occurred during the term; finally, there was no intervention of an accidental or uncontrollable superior agency, not were the premises destroyed—they were only impaired as to access.

It is well settled that in the absence of express covenants or conditions in the lease, where there is no fraud or concealment, there is no implied warranty on the part of the lessor that the leased premises are fit or suitable for the purpose for which they are rented, and no implied covenant to put or keep them in repair. *Linn* v. *Ross & Co.*, 10 Ohio, 412; *Shindelbeck* v. *Moon*, 32 O. S., 264; *Hilliard* v. *Gas Coal Co.*, 41 O. S., 662; *Shinkle* v. *Birney*, 68 O. S., 328.

The case of *Linn* v. *Ross & Co.* involved the destruction of

a leased building by fire, and subsequently the Legislature passed the following act (Section 4113, Revised Statutes) :

"The lessee of any building which, without any fault or neglect on his part, is destroyed or so injured by the elements, or other cause, as to be unfit for occupancy, shall not be liable to pay rent to the lessor or owner thereof, after such destruction or injury, unless otherwise expressly provided by written agreement or covenant; and the lessee shall thereupon surrender possession of the premises so leased."

But it was held in the case of *Gay* v. *Davey,* 47 O. S., 396, that a surrender of the lease is necessary to obtain the benefit of this section, and .in *Avery* v. *House,* 2 C. C., 246, that it applies only to the building and so much of the premises as are necessary to its enjoyment. It is not claimed that the statute applies in this case, but it is cited to indicate the only exception to the general rule above set forth.

From the general rule it follows that, in the absence of any agreement on the part of the landlord to repair, a tenant can not recover from the landlord the cost of repairs made by him. 18 Am. & Eng. Enc. of Law, 216.

In the case of *Mumford* v. *Brown,* 6 Cowen, 475, Savage, C. J., says:

"It was not in the power of a tenant to make repairs at the expense of his landlord, unless there be a special agreement between them authorizing him to do this. The tenant takes the premises for better and for worse, and can not involve his landlord in expense for repairs, without his consent."

In the case of *Ward* v. *Fagin,* 101 Mo., 669, it was held that any injury to the leased premises, and through them to the tenant, caused by the negligent act of third persons, can not create or cast on the landlord a liability which, prior to such act, did not exist.

The case of *Polack* v. *Pioche,* 35 Cal., 416, is interesting, the facts in the case being similar to the facts in this case.

Judgment affirmed.

*W. C. Ong, O. J. Campbell,* for plaintiffs in error.

*Beavis & Johnson,* for defendants in error.