The obligation of a landlord in any case to repair, or rebuild demised premises, rests solely on express covenant or undertaking. Without an express covenant to that effect by the lessor, he is neither bound to repair the demised premises himself nor to pay for repairs made by the tenant. (Mumford v.Brown, 6 Cow., 475; Arden v. Pullen, 10 M. W., 321.)
The rights and obligations of the parties to this action depend upon the construction of the lease of the premises. By the terms of the demise the defendant, the lessor, has undertaken to repair upon the happening of one event. In case the premises should be partially damaged by fire, but not rendered wholly untenantable, the same were to be repaired with all proper speed at the expense of the lessor, the defendant. The duty of repair under such circumstances was upon the defendant, and if he should fail to repair within a reasonable time, the tenant might repair and hold the landlord for the necessary expense. (Myers v. Burns, 33 Barb., 401.) There is no covenant by the landlord to repair under any other circumstances, and this covenant cannot be imported *Page 515 
into any other clause of the lease, or a liability implied to repair any damage or injury to the premises other than such as shall be occasioned by fire, and shall leave the premises tenantable in whole or in part. As a covenant to repair is not implied by law, an express covenant will not be enlarged by construction. The parties will be held, rather, in the absence of any evidence of fraud or mistake, to have included the whole contract in the terms of the written agreement.
The premises were damaged and rendered wholly untenantable by fire. This was not disputed on the trial, and at the time of the fire this was assented to by both parties, and they acted upon the assumption that the premises were untenantable.
The next clause provides for the contingency, which the plaintiff claims existed in fact, viz., a damage by fire, so extensive as to render the premises untenantable, in which event the rent was to be proportionally paid up to the time of such damage, and thenceforth cease until such time as the same should be put in good repair.
The absence of an express undertaking to repair, or to be chargeable for repairs by the landlord, is more noteworthy from the fact that in the clause immediately preceding, and in respect to a lesser damage, there was such a covenant.
It is some evidence that the insertion of the covenant in the one case and its omission in the other was intentional and not inadvertent, and that they intended carefully to fix the measure of liability in each case. If it be conceded that from the peculiar phraseology of this clause, if there were no other provision in respect to the repair of damages caused by fire, a covenant by the landlord to repair could be implied, such implication is forbidden when the landlord has expressly covenanted to repair under other circumstances and damages less extensive. The law assumes in such case that the parties have made express provision for every case in which the landlord should be held to repair. (Kent v. Welch, 7 J.R., 258; per KENT, Ch. J., Frost v. Raymond, 2 Caines, 192; *Page 516 Vanderkarr v. Vanderkarr, 11 J.R., 122.) When parties have entered into written engagements, with express stipulations, they ought not to be extended by implication, the presumption being that having expressed some, they have expressed all the conditions by which they intend to be bound under that instrument. (Dunn v. Sayles, 5 Q.B., 685; Aspdin v.Austin, id., 671; Standen v. Chrismas, 10 id., 135;Churchward v. Ford, 2 H. N., 446.) If the premises should be damaged by fire, so as to be wholly untenantable, the tenant would have the right to require the landlord to restore the premises to their former condition within a reasonable time, and upon his failure to do so the lease would cease and come to an end. This would be in pursuance of the option vested in the landlord to determine the lease by not electing to repair, and continue the terms.
A third clause provides for the total destruction of the building by fire, or otherwise, and in that event determines the lease upon the payment of the proportionate rent up to the time of the destruction.
The entire agreement as to the repair of the buildings is contained in a single paragraph of three distinct clauses. The first continues the lease and binds the landlord to repair, the third terminates the lease upon the destruction of the building, and the second suspends the rent at once, and leaves it optional with the landlord whether he will continue the tenancy by repairing the premises, and to this the clause, "otherwise it (the lease) shall remain in full force, at the option of the party of the first part," applies.
The judge erred in refusing to charge as requested, that if the jury found that the plaintiff had abandoned the premises, settled with the defendant for the rent to the time of the fire, and concurred with the defendant in the opinion that the building was so destroyed by fire as to render it necessary to rebuild, and that the lease had ceased and come to an end, and that thereupon the defendant had contracted to rebuild, and did rebuild, such acts amounted to a surrender of any other right on the part of the plaintiff to have the premises *Page 517 
repaired, and the plaintiff could not recover. These acts if proved estopped the plaintiff from claiming further under the demise.
But for the error in the construction of the lease, and the rights and obligations of the parties under it, the judgment must be reversed, and a new trial granted.
All concur, except FOLGER, J., dissenting.
Judgment reversed.