EXECUTORS AND ADMINISTRATORS—CLAIM AGAINST ESTATE.

 A claim by an executor against the estate for personal service in repairing a building will not be allowed where the executor was the lessee of the building, and made the repairs during his tenancy, and the lease contained no covenant requiring the lessor to make repairs.

Judicial settlement of the accounts of Ellis Brockway and another, as executors of the estate of John Brockway, deceased.

Wm. McCauley, Jr., for the executors.

George R. Bristor, for claimant.

TOMPKINS, S.  The only question remaining undetermined on this accounting is as to the validity of the claim of William A. Ferris, one of the executors, against the estate, amounting to the sum of $111.50.  This claim is contested by his coexecutor and some of the legatees.  It is therefore necessary that the claim be established by a fair preponderance of evidence.  The claim is for services rendered by the executor William A. Ferris personally, in making repairs to a barn upon a farm belonging to the estate, in the town of Clarkstown.  It is doubtful whether, in any event, an executor is entitled, for purely personal services, to anything in addition to the commissions allowed by statute, except the services are of an extraordinary character, but a determination of that question does not seem to be necessary in this case.  Here the executor and claimant was a tenant under a lease of the premises upon which the repairs were made during his occupancy of the premises as such tenant.  The lease under which he occupied the premises contained no covenant requiring any repairs to be made by the landlord, but, on the contrary, required the lessee, under whom Mr. Ferris, the claimant, occupied the premises, "to put the fences and barn in good repair."  This was the same barn upon which the work was done for which the claim is here made.  Clearly, then, it was the duty of the lessee, Miss Brockway, and of any person occupying the premises with her or under her, to put the barn in good repair.  If that had been done, it is not likely that any substantial repairs would have become necessary thereafter during the term of the lease.  In any event, in the absence of an agreement on the part of the estate to repair, there was no obligation resting upon its representatives to make these repairs, or cause them to be made at the expense of the estate, and it must be assumed that they were made by Mr. Ferris as a tenant.  The obligation of a landlord to repair demised premises rests solely upon express contract, and a covenant to repair will not be implied.  Witty v. Matthews, 52 N. Y. 512.  The claim was attempted to be made that the making of these repairs was understood and agreed to by the coexecutor, and intended to be charged as an expense of the administration of the estate, but this contention is not sustained by the proof.  The claimant testified that his coexecutor urged him to make the repairs, but does not remember whether anything was said as to who was to pay for them.  This is all the testimony in support of the claim showing any knowledge or authority of the coexecutor in respect thereto.  Ellis Brockway, the coexecutor, testified that he had no knowledge of the work being performed by the claimant until it was done, and that he never had any conversation in reference to the estate paying therefor.  The conclusion, therefore, at which I arrive, is that the work was not done or

authorized to be done by the executors or for the estate, but was performed by Mr. Ferris as a tenant of the premises in the making of ordinary repairs such as he was under obligation by law to make, and such as the estate as landlord was under no obligation to make. The claim is disallowed. Decreed accordingly.