WATSON v. ALMIRALL.

(Supreme Court, Appellate Division, Second Department. May 31, 1901.)

1. LANDLORD AND TENANT—BAD CONDITION OF PREMISES—CAVEAT EMPTOR.
    A tenant under a lease containing no covenant to repair, or that the house is fit to live in, cannot successfully defend an action for rent by showing that the premises were out of repair.

2. SAME—REPAIRS—IMPLIED CONTRACT.
    Where a lease contained no covenant to repair, a partial compliance with a tenant's demand for repairs, made after the signing of the lease, did not create a new contract to repair, so as to make failure to repair a defense to an action for rent.

Appeal from municipal court, borough of Brooklyn.

Action by Blanche E. Watson against Raymond F. Almirall. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCHBERG, JENKS, and SEWELL, JJ.

Francis P. Garvan, for appellant.
Robert H. Roy, for respondent.

WOODWARD, J.   The plaintiff brings this action to recover one month's rent under the provisions of a written lease of the premises known as "79 Downing Street, Brooklyn."   The trial resulted in a judgment in her favor for the amount claimed, and defendant appeals to this court, urging, with great show of earnestness and industry, that the court below has improperly disposed of the case. The essential facts appear to be less strong in favor of the defendant than those involved in Franklin v. Brown, 118 N. Y. 110, 23 N. E. 126, 6 L. R. A. 770, and we are of opinion that under the doctrine of that case the defendant is liable for the rent.   The lease contained no covenant to repair, or to keep in repair, and no express covenant that the house was fit to live in.   It is universally held in this state that the lessee of real property must run the risk of its condition, unless he has an express agreement on the part of the lessor covering that subject.   The tenant hires at his peril, and a rule similar to that of caveat emptor applies, and throws on the lessee the responsibility of examining as to the existence of defects in the premises, and of providing against their ill effects.   Franklin v. Brown, supra (page 115, 118 N. Y., page 127, 23 N. E., and page 772, 6 L. R. A.).   The fact that the defendant made a demand for repairs after signing the lease, and that this demand was, in a measure, complied with, does not operate to make a new or collateral contract; and, the defendant having visited the premises before signing the lease, and no fraud on the part of the plaintiff being alleged or proved, the judgment of the municipal court should be affirmed.

The judgment appealed from should be affirmed, with costs.   All concur.