MARIE CASTAGNETTE, Respondent, *v.* CHARLES NICCHIA, Appellant.

*Landlord and tenant — a covenant by a landlord to repair the demised premises will not be implied from a clause requiring the tenant to do so being stricken out of the lease.*

The alteration of a lease, before its execution, by striking from a clause thereof, which originally provided that the tenant should "make any and all repairs internal and external to the demised premises," the words "and external" does not create an implied covenant on the landlord's part to make all external repairs, where no claim is made that there was any express understanding or covenant between the parties upon that subject.

APPEAL by the defendant, Charles Nicchia, from a judgment of the Municipal Court of the city of New York, awarding possession of the premises to the landlord, Marie Castagnette, in summary proceedings.

*William McArthur*, for the appellant.

*Herbert S. Worthley*, for the respondent.

HIRSCHBERG, J. :

This is an appeal by the tenant from a final order awarding to the landlord the possession of demised premises, entered in summary proceedings instituted for non-payment of rent. The answer, in addition to a denial of indebtedness for rent, alleged as a separate defense and by way of counterclaim that the building occupied by the tenant on the demised premises as a hotel had become uninhabitable for want of outside repair; that "under an implied covenant the landlord was bound to do and perform all necessary outside repairs;" that the tenant had demanded compliance upon the landlord's part with this "implied covenant," and had been refused, whereupon the tenant was obliged to, and did, make the required repairs at an expense which represented the amount of the counterclaim.

The court ruled that no counterclaim could be interposed by the tenant in summary proceedings, and all evidence offered in support of the counterclaim was accordingly excluded. The learned counsel for the respondent concedes that this was error (Code Civ-Proc. § 2244), but asserts that the counterclaim as set up in the answer is invalid on its face, and that the error, therefore, does not require a reversal of the final order. The contention appears to be

SECOND DEPARTMENT, NOVEMBER TERM, 1902. [Vol. 76.

sound. The lease under which the premises were rented contains a provision that the tenant shall " make any and all repairs, internal and external, to the demised premises," but the words " and external " are stricken out by running a pen through, so that the tenant's covenant is limited to the making of internal repairs. The landlord testified that this alteration was made without her knowledge and after the execution of the lease, while the tenant testified that it was done before the execution of the lease, and asserts that such alteration created a covenant by implication on the landlord's part to make all external repairs. There is no claim that any express agreement was ever made charging the landlord with the duty of making such repairs, and the lease, as executed in accordance with the tenant's version of the occurrence, was made without any understanding or covenant whatever upon that subject. That the landlord is not obliged under such circumstances to make repairs is too well settled to require discussion. It was held in *Witty* v. *Matthews* (52 N. Y. 512) that the obligation of a landlord to repair demised premises rests solely upon express contract and that such a covenant will not be implied. Neither will a covenant be implied that the building demised is habitable. As was said by the court in *Franklin* v. *Brown* (118 N. Y. 110, 113) : " It is not open to discussion in this State that a lease of real property only, contains no implied covenant of this character, and that in the absence of an express covenant unless there has been fraud, deceit or wrong-doing on the part of the landlord, the tenant is without remedy even if the demised premises are unfit for occupation. (*Witty* v. *Matthews*, 52 N. Y. 512; *Jaffe* v. *Harteau*, 56 N. Y. 398; *Edwards* v. *N. Y. & H. R. R. Co.*, 98 N. Y. 245; *Cleves* v. *Willoughby*, 7 Hill, 83; *Mumford* v. *Brown*, 6 Cow. 475; *Westlake* v. *De Graw*, 25 Wend. 669; *Taylor's Landlord and Tenant* [8th ed.], § 382; *Wood's Landlord and Tenant*, § 379.) "

It follows that notwithstanding the erroneous view of the law which was adopted by the trial court, the appellant is not aggrieved inasmuch as the facts asserted in the answer now under consideration do not constitute a counterclaim.

The final order should be affirmed.

All concurred.

Judgment of the Municipal Court affirmed, with costs.