(46 Misc. Rep. 270)

### J. GRAY ESTEY & CO. v. CORN.

(Supreme Court, Appellate Term.   January 17, 1905.)

1. LEASES—LIABILITY FOR REPAIRS.

>    Under a lease of part of a building, the lessees are liable for repairs of a freight elevator serviceable only for their business, and exclusively demised to them by the lease, whereby they covenanted to make repairs requisite to preserve the premises in good order without expense to the lessor, notwithstanding the clause whereby they covenanted to pay rent, "which is to include * * * elevator service in common with the other tenants"; there being in the building two other elevators—one passenger and the other a freight elevator—usable in common by the tenants, including such lessees.

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by J. Gray Estey & Co. against Henry Corn. From a judgment for plaintiffs, defendant appeals. Reversed.

Argued before SCOTT, MacLEAN, and DAVIS, JJ.

George Hahn, for appellant.
Morris Putnam Stevens, for respondent.

MacLEAN, J. The plaintiffs seek from the defendant, their lessor, to recover for outlay in repairing "part of the premises leased, and necessary to the conduct of the business of the plaintiffs, * * * a freight elevator from the basement floor to the surface of the sidewalk." To meet the well-settled doctrine that, without an express covenant to that effect by the lessor, he is neither bound to repair the demised premises himself, nor to pay for repairs made by the tenant (Witty v. Matthews, 52 N. Y. 512), the plaintiffs rely upon a clause in their lease wherein they covenanted "to pay the annual rent of $5,500 which is to include steam heat and elevator service in common with the other ten-

ants." As indicated in the above extract from the complaint, there was no use in common with the other tenants of the freight elevator in question. It was serviceable only for the business of the plaintiffs, was manned and managed apart from the rest by them alone, save as to the electric current, which they turned off or on at will, and was exclusively demised to them under the lease, wherein they covenanted "to make repairs (not made necessary by fire) requisite to preserve the premises in good order and condition without expense to the lessor." As a covenant to repair is not implied by law, an express covenant will not be enlarged by construction (52 N. Y. 512, 515), which the covenant relied upon would need, if extended to cover the claim of the plaintiffs. What the clause invoked really applied to appeared when it was shown upon the trial that there were in the building two other elevators usable in common by the other tenants, and that one of them was a freight elevator, starting from the basement at a door communicating with the premises of the plaintiffs, who used it upon occasion both when their own was in order and when it was not. The defendant landlord was not bound either by covenant, express or implied, to make the repairs. The plaintiffs not only were under the implied obligations of tenants respecting repairs, but also had undertaken, by express covenant, to make the repairs without expense to the lessor.

Judgment reversed and new trial ordered, with costs to appellant to abide the event. All concur.