(52 Misc. Rep. 654)

### SCHIAVONE v. CALLAHAN.

(Supreme Court, Appellate Term. February 4, 1907.)

1. LANDLORD AND TENANT—DUTY TO MAKE REPAIRS—IMPLIED COVENANTS.
     Where a lease makes the tenant liable for inside repairs, there is no
implied covenant on the part of the landlord to make outside repairs,
since, in the absence of an express covenant to repair, the landlord is not
liable for repairs.
     [Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Landlord and
Tenant, § 538.]

2. EVIDENCE—ADMISSIONS—OFFERS OF COMPROMISE.
     An offer, made for the purpose of avoiding litigation, cannot be treated
as an admission of liability.

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Michael Schiavone against Julia A. Callahan. From a
judgment for defendant, plaintiff appeals. Affirmed.

Argued before GILDERSLEEVE, BLANCHARD, and DAYTON, JJ.

Andrew S. Fraser, for appellant.
William E. Cook, for respondent.

PER CURIAM. In the absence of an express covenant to repair,
the landlord is not liable for repairs. The contention of the tenant
that, since the lease expressly made the tenant liable for inside repairs,
the landlord must be liable for outside repairs, is not tenable. Indeed, it is not clear that the repair in question was an outside repair.

The suggestion that an offer made for the purpose of avoiding litigation is to be treated as an admission is equally unsound.

Judgment affirmed, with costs.