(120 App. Div. 494)

### JONES v. BRUMME.

(Supreme Court, Appellate Division, Second Department. June 7, 1907.)

LANDLORD AND TENANT—PREMISES—INJURIES TO THIRD PERSONS FROM DEFECTIVE CONDITION.

Where premises were in the possession of a tenant under a lease which did not provide that the owner make repairs, he was not obliged to do so, and hence was not liable for injuries to a person caused by the premises being in disrepair.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Landlord and Tenant, § 670.]

Appeal from Trial Term, Kings County.

Action by Cecelia Jones against Alfred Brumme. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before JENKS, HOOKER, GAYNOR, RICH, and MILLER, JJ.

John F. Brush, for appellant.
James W. Ridgway, for respondent.

HOOKER, J. The defendant was the owner of premises from which a cellar door inclined to the sidewalk. The plaintiff, to avoid a mudhole in the sidewalk, stepped up seven inches upon the cellar door, which gave way, and she was injured. She has had a verdict against the owner, who appeals from the judgment entered thereon. At the time of the accident the entire premises were in possession of a tenant, under a lease which did not provide that the owner should make repairs. The possession had been of more than four years' stand-

ing. No claim was made upon the trial that the construction of the cellar door was inadequate or negligent. The plaintiff based her claim upon failure to repair.

The defendant, the owner, is not liable in this case. As between him and his tenant, he was under no duty to make repairs; the lease containing no covenant to that effect. Witty v. Matthews, 52 N. Y. 512; Clancy v. Byrne, 56 N. Y. 129, 15 Am. Rep. 391. In Trustees of Canandaigua v. Foster, 156 N. Y. 354, 361, 50 N. E. 971, 41 L. R. A. 554, 66 Am. St. Rep. 575, where a grate actually in the sidewalk itself had caused injury because of its being out of repair, it was held that, upon the transfer by the owner of entire possession of the premises to another, the duty to repair would be cast upon the grantee; and this language is used:

"So a lease of the entire premises and possession thereof by the tenant would doubtless throw the burden upon the latter. Shearman & Redfield on Negligence (5th Ed.) §§ 710, 713.    *   *   *   If he [the owner] parts with the premises, or parts with the possession thereof for a period, the burden falls on his successor in title or possession."

The judgment and order should be reversed.

Judgment and order reversed and new trial granted, costs to abide the event. All concur.