## RICHMOND v. LEE et al.

(Supreme Court, Appellate Division, First Department. January 10, 1908.)

1. LANDLORD AND TENANT—REPAIRS—COVENANTS.

Defendants leased a building to plaintiff's intestate; the lessee covenanting to keep it in repair, and the lessors agreeing to keep the roof and skylights in order, and that if the premises should be injured by fire or otherwise, but not rendered untenantable, they should be repaired with all proper speed at the expense of the lessors. The only sewer connection of the leased premises led across adjoining lots belonging to third persons, and was destroyed in making an excavation for a building on such lots. On refusal of the lessor to make a new sewer connection, the lessee did so. *Held*, that the lessee could not recover the cost of the new connection, as, under the lease, the lessees were not obliged to keep in condition a sewer not on the leased premises.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Landlord and Tenant, §§ 538–541.]

2. SAME—DUTY TO REPAIR.

In the absence of agreement, a landlord is under no obligation to repair leased premises, and a covenant to repair will not be implied, nor will an express covenant be enlarged by construction; and hence, where the only sewer connection of leased premises is across adjoining lots owned by third persons, the lessee is bound to know that fact and provide in the lease against injury to the sewer, in order to charge the lessor with the cost of repairs thereto.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Landlord and Tenant, § 536.]

Houghton, J., dissenting.

Appeal from Trial Term.

Action by Sarah E. Richmond, executrix, against Lucy E. Lee and another. From a judgment for plaintiff, defendants appeal. Reversed.

Argued before PATTERSON, P. J., and INGRAHAM, McLAUGHLIN, CLARKE, and HOUGHTON, JJ.

William H. L. Lee, for appellants.
James M. Fisk, for respondent.

McLAUGHLIN, J. In February, 1901, by an instrument under seal, the defendants leased for a term of ten years premises situate at 326 Fifth avenue, in the city of New York, to the plaintiff's intestate, who occupied the same until the time of his death, which occurred in November, 1904. The lessee covenanted, among other things:

"To make, at his own cost and expense, all such repairs as shall be necessary to preserve the said premises in good order and condition, and that all such repairs shall be fully equal to the original in class and quality; it being understood that the said lessors shall keep the roof and skylights in order, but shall not be made liable to the said lessee for any damage caused by the leakage of the roof, unless they shall neglect to repair the same within a reasonable time after a written notice of such leakage shall be delivered to them from said lessee."

The instrument contained a further provision that:

"If the premises hereby leased shall be injured by fire or otherwise, but not rendered untenantable, the same shall be repaired with all proper speed

at the expense of the lessors; but if the damage shall be so extensive as to render the premises untenantable, the rent shall be proportionately paid up to the time of such damage and shall from thenceforth cease until such time when the same shall be put in good repair."

At the time the lessee went into possession of the leased premises the only sewer pipe or drain to carry off the sewerage, waste, and drainage ran entirely underground from the southerly side of the leased premises in a southerly direction, under and across three lots of land which were owned by and in the exclusive possession of persons other than the defendants herein, and thence connected and discharged into a public sewer running through Thirty-Second street. The owners of these lots, in July, 1904, in making an excavation for the construction of a building, destroyed so much of the sewer pipe as ran across their lots, and there was then no place where the sewerage, waste, and drainage could be discharged, except on the premises leased. After the destruction of this pipe the lessee notified the agent of the defendants (the defendants being at the time absent in Italy) and made a demand upon him that the lessors cause a new sewer pipe to be constructed and connected with the public sewer. The agent, however, having refused to comply with such demand, the lessee did so himself at a cost of $350, and thereafter the plaintiff brought this action to recover such amount, upon the ground that under the terms of the lease the defendants were obligated to do this work. She had a judgment, and defendants appeal.

A careful consideration of the lease fails to disclose any covenant obligating the lessors to build this sewer. They did covenant that if the leased premises were injured by fire or otherwise, but not rendered untenantable, they should be repaired with all proper speed at the expense of the lessors. But the premises themselves were not injured. They were in precisely the same condition that they were at the time the lessee went into possession, so far as the sewer pipe was concerned, and this covenant did not obligate them to keep a sewer not on the leased premises in proper condition or repair. The rule is thoroughly settled that, in the absence of an agreement between the parties, a landlord is under no obligation to his tenant to keep demised premises in repair. 18 Am. & Eng. Enc. of Law (2d Ed.) 215. It is also equally well settled that a covenant to repair will not be implied, nor will an express covenant be enlarged by construction. Witty v. Matthews, 52 N. Y. 512. A rule similar to that of caveat emptor applies to leasing of real property, and throws upon the lessee the responsibility of examining the demised premises for defects and providing against their consequences before he enters into the lease (Watson v. Almirall, 61 App. Div. 429, 70 N. Y. Supp. 662); and he assumes all of the risks arising from the condition of the premises, unless he has an express agreement on the part of the landlord in relation thereto (Franklin v. Brown, 118 N. Y. 110, 23 N. E. 126, 6 L. R. A. 770, 16 Am. St. Rep. 744). Here the tenant was bound to know the condition of the premises with reference to the sewer on the adjacent lots when he entered into his lease, and, if he did not want to assume the burden of making another connection in case that portion of the sewer were destroyed. he should, by an appropriate covenant in

the lease, have imposed that obligation on the defendants. He did not do so, and therefore the plaintiff was not entitled to recover from the defendants what it cost to build the new sewer or make the new connection.

The judgment appealed from, therefore, must be reversed, and a new trial ordered, with costs to appellants to abide event.

INGRAHAM and CLARKE, JJ., concur. PATTERSON, P. J., concurs in result. HOUGHTON, J., dissents.