GARCEWICH v. ASCHERMAN.

(Supreme Court, Appellate Term. May 18, 1911.)

1. LANDLORD AND TENANT (§ 169*)—DEFECT IN WATER PIPE—EVIDENCE—CONVERSATION WITH JANITRESS.

A conversation between the wife of a tenant of an apartment in a tenement building and the janitress of the building, in which the wife complained that it was raining into the toilet of the apartment, and the janitress gave her to understand that the water pipe was broken and was to be attended to, was no proof against the landlord of a defect in the water pipe.

[Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 169.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. LANDLORD AND TENANT (§ 150*)—LANDLORD'S DUTY TO REPAIR.
    The landlord is under no duty, in the absence of agreement by him
    therefor, to keep demised premises in repair and in tenantable condition.
    [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§
    536–557; Dec. Dig. § 150.*]

3. LANDLORD AND TENANT (§ 169*)—FALLING OF TENANT'S PLASTER—LAND-
    LORD'S NEGLIGENCE—EVIDENCE.
    Evidence, in an action by a tenant of an apartment in a tenement
    building for injury to him from the falling of plaster in the toilet of the
    apartment, *held* insufficient to show that it was due to the landlord's
    negligence in not keeping in proper repair the part of the premises over
    which he reserved control, so as to make him liable.
    [Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. §
    169.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Charles Garcewich against Julius Ascherman. From a judgment for plaintiff on a verdict, and from an order denying a motion for new trial, defendant appeals. Reversed, and new trial ordered.

Argued before SEABURY, GUY, and BIJUR, JJ.

James, Schell & Elkus (Edgar J. Treacy, of counsel), for appellant.

Charles S. Rosenthal, for respondent.

GUY, J. This is a tenant's action against his landlord to recover damages for personal injuries received by plaster falling from the ceiling in the toilet of his apartment. The house is a five-story tenement building, No. 221 East 113th street, borough of Manhattan, city of New York, with apartments for two families on a floor. The accident occurred on the morning of the 12th day of December, 1910. The plaintiff, a tenant on the second floor, was in the toilet in his apartment. While there the plaster ceiling, about 1½ square yards, fell on the back of the plaintiff's head.

Plaintiff's testimony is that he talked to the housekeeper about this toilet about the 30th of November—"told her that it rained in; was wet in the toilet; the floor was wet; 'it is raining in,' and the housekeeper said, 'I will see that that be fixed,' and it was not fixed." Plaintiff explains what he means by "raining in" by stating, "When it rained, the water remained on the wall," and in reply to the questions: "Whereabouts was this water raining? From where did it come? From what part?" says, "From the roof," and again, "From the leak * * * in the corner where the pipe is," apparently referring to a water pipe which ran from the top to the bottom of the house and through this toilet.

Another tenant on the same floor testified to a conversation she overheard between plaintiff and the janitor, when the plaintiff was complaining about the pipe—"the leak in the pipe." A Mrs. Garcewich, presumably plaintiff's wife, was doing the talking. "She told her [the janitor] about the toilet, that it was raining in, and Mrs. McMann [the janitor] gave her to understand that the leader of the pipe was broken; that it was to be attended to; she would have it fixed."

The plaintiff lived on the second floor; three stories intervening between his apartment and the roof. That this accident, therefore, could have been caused by a defective roof is hardly probable.

[1] The conversation testified to between Mrs. Garcewich and the janitor is not legal proof as to a defect in the water pipe.

[2] There is no duty resting upon a landlord to repair, or to keep in repair and in tenantable condition, demised premises, except such as may be created by the agreement of the landlord so to do. Witty v. Matthews, 52 N. Y. 512.

[3] The plaintiff has failed to show any such agreement on the part of the landlord, nor does plaintiff bring himself within the exception to the above rule, viz., that the injuries inflicted were due to the negligence of the landlord in keeping in proper repair the part of the premises over which he reserved control.

Judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.