(93 Misc. Rep. 500)

## RHEIMS v. DOLLEY et al.

(Supreme Court, Appellate Term, First Department. February 10, 1916.)

1. LANDLORD AND TENANT ⬤➾150—REPAIRS—LIABILITY OF LANDLORD.

Without an express agreement to that effect, a landlord is under no obligation to repair the demised premises.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 536, 538, 544–548, 555, 556; Dec. Dig. ⬤➾150.]

2. CONTRACTS ⬤➾170—CONSTRUCTION by PARTIES.

Where there is an uncertainty as to the meaning of an instrument, when applied to the situation and circumstances of the parties, the construction put thereon by the parties themselves, as shown by their conduct, may be considered as evidence.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 753; Dec. Dig. ⬤➾170.]

3. LANDLORD AND TENANT ⬤➾152—REPAIRS—AGREEMENT OF PARTIES.

Plaintiff, tenant of defendant's building under a lease providing that he should take good care of the premises and make all of the inside repairs at his own expense, and at the end of the term deliver up the demised premises in good condition, notwithstanding the landlord's apparent recognition of an obligation to do outside repairs, could not recover of the landlord the amount spent in repairing the roof.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 152, 538–543, 545–549, 551–557; Dec. Dig. ⬤➾152.]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Harry L. Rheims against Peter Dolley and others. From a judgment in favor of plaintiff, defendants appeal. Reversed, and complaint dismissed.

Argued January term, 1916, before GUY, BIJUR, and GAVEGAN, JJ.

James W. McElhinney, of New York City, for appellants.
Buchler & Levy, of New York City, for respondent.

GUY, J. Plaintiff, defendants' tenant of an entire building in the borough of Manhattan, has recovered a judgment for the amount expended by him in repairing the roof of the demised premises. The lease is not before us, but it is conceded by both parties that the only provision or covenant in the lease pertaining to the repair of the demised building by the tenant is the following:

"Second. That the tenants shall take good care of the premises and do all of the inside repairs at their own cost and expense, and at the end or other expiration of the term shall deliver up the demised premises in good order or condition, damages by the elements excepted."

[1] In the absence of an express covenant to that effect, the landlord is under no obligation to repair the demised premises. Witty v. Matthews, 52 N. Y. 512; Suydam v. Jackson, 54 N. Y. 450; Franklin v. Brown, 118 N. Y. 110, 23 N. E. 126, 6 L. R. A. 770, 16 Am. St. Rep. 744. In Castagnette v. Nicchia, 76 App. Div. 371, 78 N. Y. Supp. 498, the lease was drawn so as to provide that the tenant should

make any and all repairs, internal and external, to the demised premises; but before execution "and external" was stricken out, and the court held that this did not create an implied covenant on the landlord's part to make all external repairs, where no claim was made that there was any express understanding or covenant between the parties on that subject. And in Schiavone v. Callahan, 52 Misc. Rep. 654, 102 N. Y. Supp. 538, this court held that an express covenant for the making of inside repairs by the tenant does not bind the landlord to make outside repairs.

[2] Respondent does not claim that any express agreement was ever made to charge the landlords with the obligation of making outside repairs, but contends that because they had made repairs to the roof, and were apparently willing to make them, when the tenant himself had them done at the landlord's expense, they thus recognized their duty under the lease to make outside repairs. Where there is an uncertainty as to the meaning of an instrument when applied to the situation and circumstances of the parties, the construction put upon the contract by the parties themselves, as shown by their conduct, may be considered as evidence (1 McAdam, Landlord & Tenant [4th Ed.] p. 392); but here there is no uncertainty in the covenant requiring the tenant to "take good care of the premises," which include the roof, and do all the inside repairs, and deliver up the demised premises in good order at the end of the term.

[3] It follows that the apparent recognition by the landlords of an obligation to do outside repairs, in the absence of an agreement under the lease or otherwise imposing that obligation upon them, was not sufficient to charge them with the legal duty of making the repairs in question, and the judgment must be reversed, with $30 costs, and the complaint dismissed, with costs in the court below. All concur.