ABRAHAM GOLDINGER, Appellant, v. ANNIE BAUMANN, Respondent.

Second Department, December 1, 1916.

Vendor and purchaser — contract for sale covenanting to convey free from any violations or complaints in municipal departments, construed.

Under a contract of sale providing that "The vendor covenants to convey the said premises free and clear from any violations or complaints filed or existing in any of the Municipal Departments of the City of New York, and affecting said premises, and also to comply with the requirements of the Commissioner of the Tenement House Department," a report of an inspector which reached said department the day prior to the date set for closing the sale, and on which an order affecting the premises was made four days after the time to close, constituted a "complaint" within the meaning of the covenant, and the vendee was entitled to recover for a breach of the contract.

RICH, J., dissented.

APPEAL by the plaintiff, Abraham Goldinger, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Kings on the 29th day of February, 1916, upon the decision of the court dismissing the complaint after a trial at the Kings County Special Term.

The action is brought against the owner of real estate to recover for breach of an executory contract for the sale thereof.

*Francis A. McCloskey* [*Reuben Stone* with him on the brief], for the appellant.

*William Henry Woolley* [*Arthur Butler Graham* with him on the brief], for the respondent.

PUTNAM, J.:

The contract of sale had this clause:

" The vendor covenants to convey the said premises free and clear from any violations or complaints filed or existing in any of the Municipal Departments of the City of New York, and affecting said premises, and also to comply with the requirements of the Commissioner of the Tenement House Department, certified in writing upon a search made for any such violations of the Tenement House Act, which compliance shall be at vendor's expense and fully completed before the delivery of the deed as hereinafter provided."

The original date to close, on January 5, was adjourned to January 19, 1915. On December 28, 1914, the vendor secured a certificate from the tenement house department to the effect that no violations existed. On January 4, 1915, an inspector of the department was sent to inspect the premises. He did so, and made to the chief inspector a report of conditions, which report went through the bureaus of the department, reaching the bureau of records January eighteenth. On January 23, 1915 (four days after the time to close), an order to remove certain violations on these premises (being those mentioned in this report) was served on the owner and vendor.

The contract provided not only against " violations," which did not legally exist before an order for their removal, but also against the antecedent steps, starting with a " complaint," leading up to such an order. This inspector's report to the chief inspector, filed on January fourth and sent to the bureau of records January eighteenth, was a " complaint" within this contract. Otherwise, what could the parties have intended by the expression, " complaints filed or existing ? " The case below seems to have turned on the time when there was a " violation." Such a complaint was a menace to the buyer if it went on and ripened into a violation. Here a clear violation resulted, which, if not removed, might be followed by a suit

for penalties, with a judgment which would become a lien on the premises.   Such a burden and risk, I think, was not on the vendee.

I recommend to reverse and to allow plaintiff to recover the deposit of $500, with $50 expense to search title, with interest and costs in both courts.   The findings of fact numbered eighth, ninth and twelfth should be accordingly modified, and new findings made as proposed by plaintiff, and conclusions of law reversed.

JENKS, P. J., THOMAS and CARR, JJ., concurred; RICH, J., voted to affirm on the opinion of Mr. Justice BLACKMAR at Special Term.

Judgment reversed, with costs in both courts, and judgment rendered in favor of plaintiff for recovery of the deposit of $500, with $50 expense of searching title, with interest.   Eighth, ninth and twelfth findings of fact modified, with new ones to be made as proposed by plaintiff, and conclusions of law reversed.