GIOVANNI ELEFANTE, Respondent, *v.* LOUIS PIZITZ, Appellant.

First Department, April 5, 1918.

**Landlord and tenant — negligence — injury caused by defective stairway — lease construed — obligation of tenant to make repairs other than structural changes — injury to guest of tenant — when landlord not liable.**

The owner of a tenement house who demised the entire building by a lease which required the tenant to make necessary repairs and comply with all violations and ordinances of the different municipal departments having charge and control of the premises, except that the tenant was not required to make any structural changes, is not liable for personal injuries to a guest of the tenant caused by the fall of a defective stairway, and this is true although the defect had existed for a sufficient length of time to have given constructive notice to the owner.

The provision that the tenant should make necessary repairs charged him with the duty of repairing said staircase.

The fact that the lease gave permission to the landlord to enter and inspect the premises and make such repairs as are necessary casts no duty upon him to do so.

The guest of the tenant must stand upon the rights of the tenant and has no greater rights.

As there is no ambiguity in the lease aforesaid as respects the obligations to make repairs, a liability upon the part of the landlord cannot be based upon the fact that he actually made repairs, for the mere fact that a landlord chooses to relieve a tenant of a duty to repair is in no way an admission of an obligation to do so, and tends in no way to create a duty not imposed by the contract itself.

APPEAL by the defendant, Louis Pizitz, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 21st

First Department, April, 1918.          [Vol. 182.

day of June, 1917, upon the verdict of a jury for $3,250, and also from an order entered in said clerk's office on the 15th day of June, 1917, denying defendant's motion for a new trial made upon the minutes.

*Frederick Mellor* of counsel [*Oscar M. Quackenbush* with him on the brief], for the appellant.

*George B. Class,* for the respondent.

SMITH, J.:

The plaintiff was a guest of a tenant in a tenement house owned by the defendant. In that tenement house the staircase gave away and the plaintiff fell and received the injuries for which he sues. There was enough evidence to go to the jury upon the condition of the staircase and upon its existence for a sufficient length of time to have given constructive notice of its defects. The defendant, however, defends the action upon the ground that he had no duty to repair; that he had rented the entire premises to one Venuto, and that all the tenants in the house were tenants of Venuto and not the tenants of the defendant. The court charged the jury that it was the duty of the defendant to repair and for his negligence the plaintiff might recover.

In the lease between the defendant and Venuto, it was provided: " That the Tenant shall take good care of the premises and make the necessary repairs thereto and comply with all violations and ordinances of the different departments and Bureaus, having charge and control of said premises, and each and every part thereof, except, however, that the Tenant shall not be required to make any structural changes or alterations or to comply with violations which require such structural changes or alterations; and at the end of the term or other sooner termination of the term hereby created, the Tenant will deliver and surrender up to the Landlord the said premises and each and every part thereof in good order and condition, damages by the elements and for reasonable wear and tear thereof excepted."

The eighth provision of the lease is as follows: " That the Landlord, its legal representatives, successors or assigns may at any time cause the said premises to be inspected and if

any alterations or repairs be necessary to properly preserve the property, the Landlord, its agents, successors or assigns, or legal representatives may enter the said premises at any time for that purpose and cause such repairs or alterations to be made without hindrance or molestation on the part of the Tenant, subtenants, or other persons then in possession of said premises, or any part thereof."

It is claimed on the part of the plaintiff that these provisions of the lease put upon the defendant the duty to repair on the ground that the accident occurred by a defect in a part of the structure of the premises. This claim, however, is based upon a misreading of the lease. The tenant is required by the lease to take good care of the premises and make the necessary repairs thereto, and to surrender up to the landlord the said premises, in good order and condition, damages by the elements and for the reasonable wear and tear thereof excepted. He is also required to comply with all violations and ordinances of the different departments and bureaus, having charge and control of said premises, " except, however, that the Tenant shall not be required to make any structural changes or alterations or to comply with violations which require such structural changes or alterations." It is, therefore, only where the requirements of the different departments of the city require structural changes and alterations that the tenant is exempted from liability to make the same. He is nowhere exempted from liability to keep the premises in repair, even though the defects appear in a part of the premises that may be deemed to be structural.

The eighth provision of the lease simply gives permission to the landlord to inspect his premises and make such repairs as are necessary. It creates no duty upon him so to do, and the tenant could not require it to be done. (*Schick* v. *Fleischhauer,* 26 App. Div. 210; *Witty* v. *Matthews,* 52 N. Y. 512; *Castagnette* v. *Nicchia,* 76 App. Div. 371.) The guests of the tenant must stand upon the rights of the tenant and have no greater rights. (*Hilsenbeck* v. *Guhring,* 131 N. Y. 674; *Frank* v. *Mandel,* 76 App. Div. 413.)

It is further claimed that these repairs were in fact made by the landlord, and that such act of the landlord is a recognition of his liability to make the same under the laws.

A practical construction, however, of a contract by the parties is only important where there is an ambiguity in the contract. If the contract is plain, its obligations cannot be altered by any act of either party, in assuming the burden of the other party to the contract to which he is not bound by the contract itself. The mere fact that the landlord chose to relieve a tenant of this duty to repair is in no way an admission of an obligation so to do and tends in no way to create any duty not imposed by the contract itself.

The judgment and order should be reversed and the complaint dismissed, with costs in both courts.

CLARKE, P. J., PAGE, DAVIS and SHEARN, JJ., concurred.

Judgment reversed, with costs, and complaint dismissed, with costs.