JAMES E. FREIOT, Appellant, *v.* HENRY JACOBS and Others, Respondents.

Third Department, May 8, 1924.

**Landlord and tenant — repairs — landlord not required to make repairs in absence of agreement — covenant that landlord will make outside repairs does not include repairs necessary to restore building after fire — tenant may surrender possession under Real Property Law, § 227, after building substantially destroyed by fire — tenant cannot recover cost of restoring building in absence of agreement.**

In the absence of a specific agreement therefor, a landlord is under no obligation to make repairs to a leased building, and a covenant in the lease requiring the landlord to make outside repairs does not obligate him to restore the building to tenantable condition after it has been substantially destroyed by fire.

Where a building has been substantially destroyed by fire, the tenant may surrender possession under section 227 of the Real Property Law and be relieved of any further obligations under the lease, but in case he voluntarily makes repairs necessary to restore the building to a tenantable condition, he cannot recover the cost of those repairs from the landlord.

APPEAL by the plaintiff, James E. Freiot, from a judgment of the County Court of Rensselaer county in favor of the defendants, entered in the office of the clerk of the county of Rensselaer on the 12th day of July, 1923, reversing a judgment of the City Court of Troy in favor of the plaintiff, and also from the order entered in said clerk's office on the same day reversing said judgment and directing a new trial, with costs to abide the event.

*Frederick C. Filley* [*Thomas S. Fagan* of counsel], for the appellant.

*James F. Brearton* [*Andrew J. Nellis* of counsel], for the respondents.

VAN KIRK, J.:

The plaintiff is the owner of certain premises in the city of Troy, which since 1914 have been occupied by the defendants as tenants.

Two causes of action are stated in the complaint; one for water rent, which plaintiff had paid, amounting to $138, and which under the terms of the lease the defendants were to pay to the landlord within thirty days after he had paid the same; the second cause of action is to recover for plumbing and repairs in connection with the toilet in the building, which had been paid for by the plaintiff and for which the defendants were indebted to him. In the answer is set up a counterclaim in the sum of $1,000 for repairs to the building, made and paid for by the defendants after a fire, it being claimed that the plaintiff was required to make these repairs under the terms of the lease.

There is no substantial ground why plaintiff should not recover on the two causes of action stated in the complaint, as the City Court adjudged. The question in the case arises over the counterclaim. The lease by its terms extended from May 1, 1914, to May 1, 1924. A fire occurred on the premises, without fault of either party, on June 19, 1921. This fire rendered the premises untenantable. This is established beyond question, not only by the testimony of witnesses, but by the photographs in evidence. The roof of the building was substantially destroyed. The first floor fell into the cellar; the second and third floors, though they still remained in position, were substantially weakened and unsafe. The plastering on the walls and ceilings fell and the windows and doors were broken. The defendants restored the roof and windows and boarded up some doors and windows at a cost of $1,040. There was testimony that to restore the building to the condition existing before the fire would cost about $5,000.

The City Court had dismissed the counterclaim. The County Court, in reversing the judgment, holds that the counterclaim should not be dismissed, saying in its memorandum: " I am con-

vinced from the examination of the lease and the law that the landlord is liable for a tenantable condition of the premises and the responsibility of keeping the premises in a tenantable condition, especially with respect to an extraordinary repair, such as the roof, is upon the landlord."

The obligation of a landlord to repair demised premises rests solely upon express contract. A covenant to repair will not be implied, nor will an express covenant be enlarged by construction. (*Witty* v. *Matthews,* 52 N. Y. 512.) The only covenant to repair expressed in the lease is: "Also landlord to do outside repairs, tenant to keep inside in repair." This covenant does not refer to extraordinary repairs such as were necessary after the fire of June 19, 1921. It is a general covenant to make ordinary repairs only and under it the landlord was not obligated to restore the building after the fire. Section 227 of the Real Property Law provides: " Where any building, which is leased or occupied, is destroyed or so injured by the elements, or any other cause as to be untenantable, and unfit for occupancy, and no express agreement to the contrary has been made in writing, the lessee or occupant may, if the destruction or injury occurred without his fault or neglect, quit and surrender the possession of the leasehold premises, and of the land so leased or occupied; and he is not liable to pay to the lessor or owner, rent for the time subsequent to the surrender." There was no express agreement in the lease restraining the tenants from surrendering the premises after a fire. The defendants elected to remain upon the premises and did not surrender them. Having remained upon the premises they were obligated to pay the rent reserved and to comply with the terms of the lease. They saw fit to put extraordinary repairs upon the building to make it tenantable; this was a voluntary act upon their part and the landlord was not under obligation to reimburse them therefor. The building having been rendered untenantable by fire no obligation rested upon the landlord to restore it, there being no covenant in the lease requiring him to restore it. (*Smith* v. *Kerr,* 108 N. Y. 31; *Witty* v. *Matthews, supra,* 514.)

The judgment of the County Court should be reversed and the judgment of the City Court affirmed, with costs in all courts to the appellant.

All concur.

Judgment of the County Court reversed on the law, and judgment of the City Court affirmed, with costs in all courts to the appellant.