ROGERS *v.* ROB ROY PLANTATION COMPANY.

4-7581                                          186 S. W. 2d 661

Opinion delivered April 2, 1945.

*Rowell, Rowell & Dickey,* for appellant.

*A. R. Cooper,* for appellee.

HOLT, J. February 18, 1944, appellee, Rob Roy Plantation Company, sued appellant, F. J. Rogers, to recover balance alleged due on a written lease contract entered into between the parties April 23, 1941. The complaint alleged that appellee leased to appellant approximately 125 acres for a period of three years, beginning January 1, 1941, and ending December 31, 1943, for a consideration of $125 for the first year, $187.50 for the second year, and $250 for the third year. The lease contract was made a part of the complaint and contained, among others, the following covenant: "2. Said lands will be used by the lessee as hay land and for no other purpose whatever."

It is further alleged that appellant refused to pay the rental due for the third year and "plaintiff (appellee) further shows that since the execution of such lease approximately 25 acres of the land has been washed away by the river, according to the latest survey, leaving only 100 acres in the tract the defendant Rogers is renting."

The prayer was for judgment against appellant in the amount of $200 plus interest from March 1, 1944, at 6 per cent., amounting to $5, or a total of $205.

February 29, 1944, appellant answered with a general denial, and on March 28th thereafter he filed an amendment to his answer and affirmatively pleaded as a defense that the land described in the lease "has been rendered useless by an act of God, namely, that the land was flooded and was not suitable on account of flood for the purpose which the defendant (appellant) leased the said land for at the time, namely, April 1, 1943, and the defendant specifically pleads an act of God as a defense to the complaint filed herein." To this amendment of appellant to his complaint, appellee demurred on the ground that it did not state facts sufficient to constitute a defense to the cause of action. The trial court sustained the demurrer and upon appellant's refusal to plead further, the court, upon the pleadings, entered judgment for appellee in the amount of $205. This appeal followed.

Appellant says: "The appellant is seeking a reversal of the decision of the lower court on the grounds that the lease prepared by the appellee and signed by both parties stated that this land could be used only for one purpose, and that was for the purpose of growing hay as set out in section 2 of the lease. When the court sustained the demurrer to the amendment to answer filed by the appellant herein, it was admitted that the leased land was flooded and not suitable on account of the flood for growing hay, the purpose for which the land was leased, and further, that the appellee, by its own pleadings, admitted that 25 acres had been washed into the river. This being true, it amounted to an eviction of the appellant, as the land could not be used for the purpose for which it was leased, and the appellant should not be held accountable for rentals due under the lease."

We think appellant's contention untenable for the reason that there is no covenant or provision in the lease contract in question relieving him of rentals in case of overflow, or an act of God. Under the controlling rule, the lessee in such circumstances is bound to pay the stipulated rent notwithstanding any injury to the leased premises by flood waters, there being no implied covenant that the premises shall be fit for the purpose for which they are leased.

In *Little Rock Ice Company* v. *Consumers Ice Company*, 114 Ark. 532, 170 S. W. 241, Judge Hart, speaking for the court, said: "It is the settled rule of the common law that there is no implied covenant by the lessor that the leased premises are in good repair or fit for the intended use, nor that the premises shall continue to be suitable for the lessee's use or business. 24 Cyc. 1048; *Horton* v. *Early*, 39 Okla. 99, 134 Pac. 436, 47 L. R. A., N. S., 314, Ann. Cas. 1915D, 825, and cases cited. *Clifton* v. *Montague*, 40 W. Va. 207, 21 S. E. 858, 33 L. R. A. 449, and note, 52 Am. St. Rep. 872. In the case of *Viterbo* v. *Friedlander*, 120 U. S. 707, 7 S. Ct. 692, 30 L. Ed. 776, the court said that the common law regards a lease for years as an estate for years, which the lessee takes a title in to pay the stipulated rent for, notwithstanding any in-

jury by flood, fire, or external violence . . . in the absence of fraud or concealment, the tenant leases at his peril and the rule in the nature of *caveat emptor* throws upon the lessee the responsibility of examining the demised premises for defects and providing against their consequences, before he enters into the lease. *Watson* v. *Almirall,* 61 N. Y. App. Div. 429, 70 N. Y. Supp. 662,'' and in 12 American Jurisprudence, p. 936, § 368, the textwriter says: ''§ 368. Act of God or Inevitable Accident.— The theory that when a party by his own contract creates a charge or duty upon himself, he is bound to make it good, if he may, notwithstanding any accident by inevitable necessity, because he might have provided against it by his contract, is not infrequently applied where the impediment comes from the act of God. This rule, though it may be harsh in its operation, has been defended on the ground that where one of two innocent persons must sustain a loss, the law casts it upon him who has agreed to sustain it or, rather, the law leaves it where the agreement of the parties has put it, and that the law will not insert, for the benefit of one of the parties, by construction, an exception which the parties have not, either by design or neglect, inserted in their agreement.''

Applying the above principles, it follows that appellant could not abandon the premises and refuse to pay the rental under the lease for injury by flood for which he failed to provide in the lease in question.

Accordingly, the judgment is affirmed.